In the Matter of GERALD J. GARNER (Admitted as GERALD J. GOLDBERG), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 1, 1984

### APPEARANCES OF COUNSEL

*Gary L. Casella* (*Sylvia L. Fabriani* of counsel), for petitioner.

*Suozzi, English & Ciancuilli, P. C.* (*J. Irwin Shapiro* of counsel), and *Kostelanetz & Ritholz* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by this court on March 29, 1961 under the name Gerald J. Goldberg. In this

proceeding to discipline respondent for professional misconduct, the petitioner moves to confirm in part and disaffirm in part the report of the special referee and the respondent cross-moves to confirm in part and disaffirm in part said report.

The first charge alleged that in an adoption matter the respondent prepared a document which authorized him to act on behalf of his clients in taking a newborn child from a hospital, and "notarized" said document knowing that the names and addresses of the adopting parents on said document were fictitious and knowing that the signatures were fraudulent.

Charge 3 alleged that respondent signed a State of California Health Facility Release concerning a newborn child, which was filed with the California State Department of Health, knowing that said document contained misrepresentations and falsehoods as to the actual identities of the adopting parents.

There were eight other charges of misconduct. Charges 2, 4 and 5 were not sustained by the special referee and charges 6 through 10 were withdrawn by the petitioner.

The special referee sustained charge 3 and only that part of the first charge which alleged that respondent prepared a document and presented said document to the hospital knowing that the names of the adopting parents on said document were false. Respondent claimed that he did this in order to protect the identity of the adopting parents and he indicated that he told the nurse that he was doing this and the nurse did not object to the use of the "fictitious" names. The referee failed to sustain that part of the first charge which alleged that respondent improperly "notarized" the document based upon respondent's explanation that he placed his notary public stamp on the document only as a means of identification and at the request of the nurse.

As to the first charge, we are in agreement with the findings of the special referee except for his failure to sustain the allegation that respondent "notarized" a document knowing that the signatures were fraudulent and that the names and addresses given were fictitious. We do not accept the explanation by respondent concerning the

use of his notary public stamp. Any use of this stamp under these circumstances would be misleading. All of the first charge should be sustained. We also agree with the special referee's sustaining charge 3 since respondent signed the California release in blank when he knew or should have known that the false names he had previously provided would be inserted on this form.

After reviewing all of the evidence, we are in agreement with the findings of the special referee except for his failure to sustain that part of the first charge which alleged a fraudulent "notarization". Petitioner's motion is granted to the extent that it seeks to confirm, in part, the special referee's report and to disaffirm the special referee's failure to sustain the allegation concerning the fraudulent "notarization", and is otherwise denied. Respondent's cross motion is denied to the extent that it seeks to disaffirm with respect to charges 1 and 3 and confirm with respect to the "notarization" allegation and is otherwise granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration respondent's impressive record of past and present community activities as well as the ample evidence of respondent's good character. Nevertheless, respondent is guilty of serious professional misconduct. Accordingly, the respondent should be, and hereby is, suspended from the practice of law for a period of one year, commencing November 1, 1984, and until the further order of this court.

MOLLEN, P. J., TITONE, MANGANO, GIBBONS and BRACKEN, JJ., concur.