In the Matter of Roderick C. WILLIS, Respondent, A Member of the Bar of the District of Columbia Court of Appeals.

No. 85–1147.

District of Columbia Court of Appeals.
Submitted Nov. 26, 1985.
Decided Dec. 4, 1985.*

Thomas H. Henderson, Jr., Bar Counsel, Washington, D.C., for the Bd. on Professional Responsibility.

No appearance was entered for respondent.

Before PRYOR, Chief Judge, and MACK and TERRY, Associate Judges.

PER CURIAM:

This disciplinary matter is before the court on a Report and Recommendation of the Board on Professional Responsibility (the Board), recommending that respondent

be suspended from the practice of law in this jurisdiction for a period of sixty days. The Board's report was based upon evidence adduced in a proceeding before a Hearing Committee. We accept the findings of fact made by the Board and adopt its recommended disposition.

This matter arose out of a show cause hearing in the United States Bankruptcy Court, before the Honorable Roger M. Whelan, concerning respondent's representation of twenty-one clients in 1982 and 1983. On May 12, 1983, Judge Whelan issued an opinion and order in which he found that the pleadings filed by respondent "were sloppy, incoherent, incomplete and misleading on their face ... [and] prepared ... without any meaningful investigation." *In re Crestwell,* 30 B.R. 619, 620 (Bank.D.D.C.1983).

On January 3, 1985, respondent and Bar Counsel entered into a stipulation in which respondent conceded that he had represented clients in Bankruptcy Court, as set forth in Judge Whelan's opinion, without preparation adequate in the circumstances. Respondent also admitted that he had filed petitions and pleadings in Bankruptcy Court for the sole purpose of delaying foreclosure proceedings on the homes of his clients. Additionally, respondent agreed that on four separate dates, Bar Counsel had sent copies of Judge Whelan's opinion to respondent at the address respondent had provided the D.C. Bar, with a request for a response, and that respondent repeatedly had failed to respond.

A hearing was held on January 17, 1985, and on March 22, 1985, the Hearing Committee entered findings of fact, conclusions of law and a recommendation for discipline. The Hearing Committee concluded that respondent had violated DR 6–101(A)(2),[1] by handling bankruptcy matters without prep-

---

* The decision in this case was originally released as a Memorandum Opinion and Judgment. It is being published pursuant to this court's order granting the motion of the Board on Professional Responsibility for publication.

1. DR 6–101(A)(2) provides:
    A lawyer shall not:
       \*    \*    \*    \*    \*    \*
    Handle a legal matter without preparation adequate in the circumstances.

aration adequate in the circumstances, and DR 1–102(A)(5),[2] by failing to provide the Bar with his proper address. Finally, the Hearing Committee recommended public censure as the appropriate disciplinary measure.

In its Report and Recommendation, the Board adopted the Hearing Committee's findings of fact and conclusions of law, but, in contrast to the Committee, recommended that a sixty-day suspension was the more appropriate sanction under the circumstances.

The Board set out its reasons for recommending the more severe sanction. Specifically, the Board emphasized that (1) respondent's misconduct in this instance "is distinguishable from, and more serious than, the misconduct" underlying other public censure cases; (2) respondent possesses a prior disciplinary record, which includes the receipt of three informal admonitions all relating to neglect or similar violations; and (3) respondent's violation of DR 6–101(A)(2) is compounded by "egregious" conduct prejudicial to the administration of justice.

D.C. Bar R. XI, Section 7(3) sets out this court's standard of review in disciplinary cases. It provides, in part, that where the Board's findings are supported by substantial evidence of record this court "shall adopt ... [its] recommended disposition ... unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or otherwise would be unwarranted." We have reviewed the Board's findings and the record of the proceedings before the Hearing Committee. We conclude that the sixty-day suspension of respondent, recommended by the Board,

is both consistent with our prior disciplinary decisions and the evidence in the record. *See, e.g., In re Alexander,* 466 A.2d 447, 452 (D.C.1983) (three-month suspension where respondent twice neglected a legal matter entrusted him in violation of DR 6–101(A)(3) and once engaged in conduct prejudicial to the administration of justice in violation of DR 1–102(A)(5)); *In re Jamison,* 462 A.2d 440, 441–42 (D.C. 1983) (same); *see also In re Rosen,* 481 A.2d 451, 455 (D.C.1984) (prior disciplinary violations and sanctions should be considered in determining proper sanctions in subsequent cases).[3] Therefore, it is

ORDERED that Roderick C. Willis be, and hereby is, suspended from the practice of law in the District of Columbia, for a period of sixty days, effective thirty days from the date of this decision. *See* D.C. Bar R. XI, § 19(3).

*So ordered.*

---

**2.** DR 1–101(A)(5) provides:
   A lawyer shall not:
   &ast; &ast; &ast; &ast; &ast; &ast;
   Engage in conduct that is prejudicial to the administration of justice.

**3.** While the cases cited above generally provide for more severe sanctions than the sixty-day suspension recommended here, we observe that the Board in making this recommendation took into consideration certain mitigating factors.

These mitigating factors include respondent's "regretful and contrite" attitude, evidence in the record that respondent was experiencing marital and financial problems during the period in which the violations occurred, and minimal prejudice to respondent's clients which resulted from his misconduct.

