In re Edward Norman **REINER, A Member of the Bar of the District of Columbia Court of Appeals.**

No. 88–1159.

District of Columbia Court of Appeals.

Submitted June 21, 1989.

Decided July 18, 1989.

Edward Norman Reiner, pro se.

Elizabeth J. Branda, Asst. Bar Counsel, with whom Thomas E. Flynn, Bar Counsel, Washington, D.C., was on the brief filed with the Bd. on Professional Responsibility, for petitioner, the Office of Bar Counsel.

Before ROGERS, Chief Judge, TERRY, Associate Judge, and GALLAGHER, Senior Judge.

PER CURIAM:

In response to an Order of this Court dated October 18, 1988, the Board on Professional Responsibility (Board) recommended that reciprocal discipline of ninety days suspension from the practice of law

should be imposed on respondent pursuant to D.C.Bar R. XI § 18(5). Finding that Virginia's imposition of a ninety-day suspension for three violations of the Disciplinary Rules does not constitute "substantially different discipline in this jurisdiction," we order that reciprocal discipline be imposed.

I

The Virginia State Bar Disciplinary Board (Virginia) suspended respondent from the practice of law for sixty days for his violation of DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation).[1] The Report of the Board on Professional Responsibility describes the actions leading to respondent's suspensions in Virginia.

First, in connection with his representation of a client, respondent agreed with other counsel to a continuance of a trial date, telling his client, however, that the continuance had been necessary because of the death of the Circuit Court judge who had been assigned to the case. In fact, no judge had been assigned the case, and the judge's death had nothing to do with the continuance. In response to the Chief Circuit Judge's chastisement, respondent wrote to his client, stating that he had made a mistake concerning the effect of the judge's death on the continuance.

Second, Virginia suspended respondent for a concurrent term of thirty days for violation of DR 6–101(A)(1) & (2) (handling matters of which he lacks competence), and DR 6–101(B) (neglect).[2] Respondent had

1. The District of Columbia has adopted the identical provision. DR 1–102(A)(4) governing misconduct states:

(A) A lawyer shall not ... engage in conduct involving dishonesty, fraud, deceit, or misrepresentation which reflects adversely on a lawyer's fitness to practice law.

2. The version of DR 6–101 adopted in Virginia reads:

(A) A lawyer shall undertake representation only in matters in which:

(1) The lawyer can act with competence and demonstrate the specific legal knowledge, skill, efficiency, and thoroughness in preparation employed in acceptable practice by lawyers undertaking similar matters, or

(2) The lawyer has associated with another lawyer who is competent in these matters.

(B) A lawyer shall attend promptly to matters undertaken for a client until completed or until the lawyer has properly and completely withdrawn from representing the client.

In the District of Columbia, DR 6–101 reads:

(A) A lawyer shall not:

(1) Handle a legal matter which he knows or should have known that he is not competent to handle, without associating with him a lawyer who is competent to handle it.

(2) Handle a legal matter without preparation adequate in the circumstances.

(3) Neglect a legal matter entrusted to him.

qualified as the executor of an estate. When he failed to file the required inventory of the estate, he was so notified and given an additional thirty days to file. Respondent failed to file the inventory during this grace period and failed twice to appear at a hearing to show cause why he had not filed the inventory and why he should not be removed as executor. As a result of his failure to appear the second time, the court ordered that respondent be removed as executor, that respondent deliver all estate assets to the newly appointed executor and that he file a final accounting. Respondent delivered a portion of the estate file and the estate checkbook to the new executor but failed to file the inventory and accounting by the specified date. On that date, he was ordered to deliver the assets and file the inventory and final accounting within three weeks. He failed to comply by that date. The newly appointed executor filed a motion for reimbursement of the estate's losses due to respondent's neglect. Respondent failed to appear for a hearing on the motion and the court continued the case. Respondent eventually reimbursed the estate for all losses caused by his neglect.

Third, both these orders of suspension directed respondent to give notice, by certified mail, of the suspension of his license to all clients, opposing counsel, and judges before whom matters were pending. Respondent orally notified some of his clients, but failed to comply fully as of the date required by Virginia. He indicated that he expected to comply immediately thereafter. On August 12, 1988, Virginia imposed a further sixty-day suspension on respondent for violation of DR 7–102(A)(3) (failure to disclose).[3]

The Board has recommended to this Court that reciprocal discipline be imposed on respondent of ninety days, the effective term of his three suspensions in Virginia.[4]

This Court issued an order directing respondent to inform the Court of any reason that the imposition of the identical discipline in the District of Columbia would be unwarranted. D.C.Bar R. XI § 18(3). Respondent, who was represented by counsel in the Virginia proceedings, did not file a brief in response. He did, however, file an affidavit stating, without elaboration, that he opposed reciprocal discipline because of his long record of practice in the District and the limitations of D.C.Bar R. XI § 18(5)(a)–(e).

II

When a member of the Bar of the District of Columbia has been disciplined in another jurisdiction, this Court must impose "identical discipline" unless the Court finds that clearly:

(a) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(b) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or

(c) The imposition of the same discipline by the court would result in grave injustice; or

(d) The misconduct established warrants substantially different discipline in this jurisdiction; or

(e) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

D.C.Bar R. XI § 18(5). Respondent does not allege, nor do we find, that this case falls under the first three exceptions. Therefore, our analysis, as did the Board's, focuses on subsections (d) and (e).

---

**3.** In both Virginia and the District of Columbia, DR 7–102(A)(3) states:

> In his representation of a client, a lawyer shall not ... [c]onceal or knowingly fail to disclose that which he is required by law to reveal.

**4.** The first two suspensions would have lasted from July 15, 1988 through September 12, 1988. His third suspension partially overlapped his other suspensions, running from August 15, 1988, through October 14, 1988. The effective term of the combined suspensions was ninety days.

In addressing whether respondent's conduct would constitute misconduct in the District of Columbia, the Board noted that despite slight variations in wording, DR 6–101(A)(1) and (2) as adopted in Virginia and the District of Columbia had the same substantive effect. *See* note 2, *supra*. All the other violated provisions were identical in Virginia and the District of Columbia, and there is no indication that respondent's misconduct under the Virginia disciplinary rule would not have constituted misconduct in the District of Columbia.

We also conclude that Virginia's imposition of a ninety-day suspension is not "substantially different" from discipline that would be warranted in this jurisdiction. *See In re Coury,* 526 A.2d 25 (D.C.1987). The Board acknowledges that in this jurisdiction misrepresentation alone ordinarily would warrant censure, not suspension, *cf. In re Rosen,* 481 A.2d 451 (D.C.1984) (thirty-day suspension for filing papers in court with three false statements; prior disciplinary record), and lack of competence and neglect likewise would warrant "discipline short of suspension." *In re Jones,* 521 A.2d 1119 (D.C.1986) (public censure). *Cf. In re Dory,* 528 A.2d 1247 (D.C.1987) (thirty-day suspension and restitution for neglect where no prior disciplinary record); *In re Willis,* 505 A.2d 50 (D.C.1985) (sixty-day suspension for handling legal matter without preparation). While there are no previous cases in our jurisdiction involving discipline under DR 7–102(A)(3), Bar Counsel contends that respondent's actions were analogous to those in prior cases involving discipline under the rule governing conduct prejudicial to the administration of justice, DR 1–102(A)(5), which have resulted in censure. *In re Jones, supra,* 521 A.2d at 1121 (failure to respond to Bar Counsel's legitimate written inquiries). We find this argument persuasive.

The Report of the Board states,

Under District of Columbia standards, the sanctions imposed in Virginia may be harsh, viewed in isolation, in that none of the offenses, considered individually, would likely have resulted in a suspension in this jurisdiction.

The Board noted, however, that Virginia considered prior disciplinary action against respondent in assessing the imposition of discipline for the recent violations. It is well-settled in this jurisdiction that a respondent's prior record of disciplinary actions may be considered in assessing the severity of discipline to be imposed. *In re Jones,* 534 A.2d 336, 337 (D.C.1987); *In re Landesberg,* 518 A.2d 96, 97 (D.C.1986); *In re Reback,* 513 A.2d 226, 231 (D.C.1986). Even a prior record of informal admonitions and reprimand may provide grounds for imposing more severe discipline in later cases. *In re Roundtree,* 467 A.2d 143, 147 & n. 11 (D.C.1983). However, use of a prior disciplinary record does not justify sanctions disproportionate to violations. *In re Reback, supra,* 513 A.2d at 231.

Virginia has declined to disclose the nature of respondent's prior discipline on grounds of confidentiality. While we would ordinarily be troubled by the Board's consideration of matters which are not elucidated in the record in reaching its recommendation regarding an appropriate sanction, *In re Thorup,* 432 A.2d 1221, 1226 (D.C.1981) (evidence not properly before Hearing Committee), respondent has neither disputed his prior discipline in Virginia nor objected to its consideration in the present proceedings. We agree with the Board that "the three [violations] together, plus the fact of undisclosed prior discipline, could well have yielded a suspension of ninety days here." *See* D.C.Bar R. XI § 7(3) (requiring Court to "adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or otherwise would be unwarranted"); *In re Hutchinson,* 534 A.2d 919, 924 (D.C.1987); *In re Roundtree, supra,* 467 A.2d at 147 (court should respect Board's sense of equity unless judgment proves unreasonable). Respondent's filing in this case suggests no grounds for reaching a contrary result. Therefore, we conclude that respondent should be suspended from the practice of law for a period of ninety days effective from August 11, 1988

through November 8, 1988.[5] Accordingly, it is

ORDERED that respondent Edward Norman Reiner is suspended from the practice of law in the District of Columbia for ninety days, commencing *nunc pro tunc* on August 11, 1988.

*So ordered.*

---

5. Because respondent filed an affidavit stating that he has voluntarily refrained from practicing law in the District since August 11, 1988, and "concurrency will be the norm" in the imposition of reciprocal discipline, *In re Goldberg,* 460 A.2d 982, 985 (D.C.1983), the term of his suspension shall run from the time he stopped practicing in the District of Columbia. Thus, the reciprocal discipline will apply retroactively with no effect on his present ability to practice in the District. *See In re Coury, supra,* 526 A.2d at 25.