**In the Matter of D. Jeffrey HIRSCHBERG, Respondent.**

**No. 88–1281.**

District of Columbia Court of Appeals.

Submitted Sept. 19, 1989.
Decided Oct. 24, 1989.

---

D. Jeffrey Hirschberg, pro se.

Thomas E. Flynn, Bar Counsel, and Michael S. Frisch, Asst. Bar Counsel, Washington, D.C., were on the brief for the Office of Bar Counsel.

Before ROGERS, Chief Judge, and SCHWELB and FARRELL, Associate Judges.

PER CURIAM:

Respondent was publicly reprimanded and placed on probation [1] for two years in Wisconsin after he billed clients of his firm for 807 personal telephone calls costing in excess of $2,500.00. In its Report, a copy of which is attached hereto, the Board on Professional Responsibility synopsized Re-

spondent's conduct and Wisconsin's sanction as follows:

Respondent betrayed the trust clients had placed in him by billing them for all these personal telephone calls. Because the Board views such wrongdoing as damaging the integrity of the profession, not to mention harming clients, it finds Respondent's conduct particularly serious and warranting a suspension of at least six months if not a year. However, as in *In re Kersey*, 520 A.2d 321 (D.C. 1987), Respondent is an alcoholic.[2] It was found by clear and convincing evidence in the Wisconsin proceedings that Respondent's alcoholism was the cause of his wrongdoing. He was placed on probation—which is within the range of sanctions for his misconduct. In the event that Respondent violates the terms of his probation in Wisconsin, he will be suspended for one year by that jurisdiction. Thus, the sanction in Wisconsin is a stayed one-year suspension and two years probation.

The Board recommends the imposition of reciprocal discipline.[3]

Section 11(c) of this court's District of Columbia Bar Rule XI (formerly Section 18(5)) provides that reciprocal discipline shall be imposed unless one of five exceptions clearly applies. *See Report*, pp. [5–6]. For the reasons stated by the Board, and in view of the authority of *Kersey*, we agree that reciprocal discipline should be imposed. Accordingly, it is hereby ORDERED that

1. Respondent D. Jeffrey Hirschberg is hereby publicly reprimanded for professional misconduct.

2. Respondent is suspended from practice for one year, provided, however, that said suspension is stayed so long as Respondent complies with the conditions set forth herein.

---

1. Respondent was also suspended from practice for one year, but the suspension was stayed so long as he complied with the conditions of probation.

2. It appears that Respondent also abused barbiturates, but there has been no finding that the

misconduct was connected in any way to such abuse.

3. Bar Counsel also recommended reciprocal discipline. Respondent has filed no objection.

3. Respondent is placed on probation for a period of two (2) years,[4] and shall undergo random, periodic urine testing at least monthly for the presence of alcohol or drugs, with a report thereof to be made to the Board on Professional Responsibility at such times as the Board may direct. Should the urine testing reveal a violation, then in that event, Bar Counsel may apply for an order vacating the stay of the suspension.

4. Bar Counsel shall make appropriate arrangements to ensure that copies of quarterly medical reports regarding Respondent's progress, and of reports regarding his participation in the Alcoholics Anonymous program or in any similar program,[5] be promptly forwarded to Bar Counsel and to the Board on Professional Responsibility.

5. Respondent shall pay the costs of this proceeding within 90 days.

*So ordered.*

### DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

Bar Docket Number: 323–88

IN THE MATTER OF:

· **D. JEFFREY HIRSCHBERG, RESPONDENT.**

### REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

Respondent is a member of the bars of both the state of Wisconsin and the District of Columbia. On October 21, 1988, the District of Columbia Court of Appeals entered an order pursuant to Rule XI, Section 18(2) of the Rules Governing the District of Columbia Bar advising that it had received notice of a decision of the Supreme Court of the State of Wisconsin that D. Jeffrey Hirschberg was publicly reprimanded and placed on probation for a period of two years under certain conditions ordered by the Court. The District of Columbia Court of Appeals referred the matter to the Board on Professional Responsibility for its recommendation pursuant to the provisions of Rule XI, Section 18 governing reciprocal discipline.

After a review of the report of the Referee and the Board of Attorneys Professional Responsibility and the opinion of the Supreme Court of the State of Wisconsin, a letter from the General Counsel of Arthur Young, Carl D. Liggio, Esquire, and Bar Counsel's motion recommending the imposition of reciprocal discipline, the Board found that none of the five criteria set forth in section 18(5) of the Rule is present and therefore determined to recommend reciprocal discipline be imposed in this case.

### *The Wisconsin Proceedings*

On November 14, 1987, Respondent was charged with violating S.C.R. 20.04, conduct involving dishonesty and misrepresentation. A hearing was held before a referee of the Board of Attorneys Professional Responsibility on February 22, 1988. The Referee submitted a report which set forth his findings of facts and conclusions of law and recommended a sanction of public reprimand and two years probation with conditions. On September 8, 1988, the Wisconsin Supreme Court upheld the report and recommended sanction with one exception to one of the conditions of probation.

Respondent was found to have improperly billed to clients of his Milwaukee law firm, Whyte & Hirschboeck the cost of $2,522.00 for long-distance personal telephone calls. He made the telephone calls during the period from September 13, 1983, to June 25, 1984. The conduct was discovered during an audit of the law firm two years later in the summer of 1986. Respondent promptly reimbursed the law firm

---

**4.** The order of the Supreme Court of Wisconsin pursuant to which Respondent was placed on probation in that State is dated September 8, 1988. Under all of the circumstances, we order that his probationary term in this jurisdiction be concurrent with the term in Wisconsin and be deemed to have begun on September 8, 1988.

*Cf. In re Goldberg,* 460 A.2d 982 (D.C.1983), and concurring opinion of Kelly, J., *id.* at 986.

**5.** The filing of these reports is required as a condition of Respondent's probation in Wisconsin.

and resigned from the firm, but retained office space on an independent contractual basis to complete his litigation obligations to one of the firm's clients until April, 1987. Each client that had been improperly charged for Respondent's telephone calls was either credited or reimbursed for the overbilling. The law firm reported Respondent's misconduct to the Board of Attorneys Professional Responsibility. Respondent now resides in New York where he works as an attorney for Arthur Young.

In May, 1986, a month prior to the discovery of Respondent's wrongdoing, he entered the Hazelden Foundation inpatient treatment center where he was diagnosed as having a dependency on barbituates [sic] and alcohol. He was discharged a month later. He has abstained from alcohol and drugs since January, 1987 and has actively participated in Alcoholics Anonymous. His psychiatrist Dr. Herzl Spiro, who has treated Respondent from 1983, testified that Respondent suffered from depression and was an alcoholic from 1983 until 1986. Dr. Spiro believed that Respondent would not have made the telephone calls if he had not been an alcoholic. The Referee found this testimony and the evidence presented by Pathways Counseling Center and the Hazelen [sic] Foundation to be clear and convincing proof that there was "a direct casual connection between Respondent's alcoholism and Respondent's misconduct with the telephone charge matters."

In mitigation of his conduct, the Referee found that the behavior was aberrational. Respondent was a highly regarded attorney who had an excellent reputation for honesty and integrity. His alcoholism and depression had not affected his practice in any other way. Respondent fully cooperated with his lawyer and the Board. He was very contrite and forthcoming at the hearing. He made immediate restitution. He sought treatment for his alcoholism prior to the disciplinary proceedings and has remained an active participant in counseling.

Because of his exemplary record, his rehabilitation and the causal connection of his alcoholism and wrongdoing, the Referee recommended that Respondent receive a public reprimand and be placed on probation for two years. The conditions of probation would include:

2. That the respondent, for a period of two (2) years, undergo random, periodic urine testing at least monthly for the presence of alcohol or drugs, with a report thereof to be made to BAPR at such times as BAPR may direct. Should the urine testing test positive, then in that event, the respondent's license to practice be suspended for a period of one (1) year.

3. That Dr. Herzl Spiro provide quarterly reports to BAPR for a period of one (1) year certifying Dr. Spiro's continuing monitoring and treatment of respondent and Dr. Spiro's certifying that respondent is physically and mentally competent to practice, and should Dr. Spiro be unable to so certify, then the respondent's license to practice shall be suspended for a period of one (1) year. A doctor other than Dr. Herzl Spiro may, at the BAPR's consent, be substituted for such certification.

4. That respondent participate on a weekly basis for a period of one year in a peer group such as Alcoholics Anonymous with Alcoholics Anonymous compliance reports thereof to BAPR in a manner as BAPR may direct.

5. That if respondent practices law in another jurisdiction besides Wisconsin, that he be admitted to practice in such other state and that a supervising attorney in that other state be appointed by our BAPR who shall report to BAPR quarterly for a period of one (1) year concerning the respondent's compliance with these recommendations and with professional responsibility standards.

Referee's Report and Recommendation at 10–11.

### Discussion

In this proceeding, the Executive Attorney to the Board on Professional Responsibility invited Respondent and Bar Counsel by letter dated October 24, 1988, to submit briefs on the question of whether reciprocal discipline should be imposed in this

case. Bar Counsel filed a statement recommending that reciprocal discipline be imposed. Respondent did not file any statement.

Under Rule XI, the Board shall recommend the imposition of reciprocal discipline unless it is clear that one of the five criteria set forth in Section 18(5) of the Rule is present. The five criteria are:

(a) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(b) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject; or

(c) The imposition of the same discipline by the Court would result in grave injustice; or

(d) The misconduct established warrants substantially different discipline in this jurisdiction; or

(e) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

Rule XI, Section 18(5).

The Board has concluded that none of the criteria is present.

1. The Board does not find any evidence from the record demonstrating the lack of due process or "infirmity of proof" in the Wisconsin proceeding. Rule XI, Section 18(5)(a) and (b).

2. Respondent's misconduct would constitute a violation of the District of Columbia Code of Professional Responsibility. His conduct involved dishonesty and misrepresentation which are violations of Disciplinary Rule 1–102(A)(4).

3. The Board has concluded that the discipline imposed in Wisconsin is within the range of sanctions that would be ordered for comparable conduct in this jurisdiction. The practical effect of the Wisconsin sanction is suspension for one year, which is stayed on condition that Respondent complies with all conditions of probation for [two (2)] years, plus a public repri-

mand. Normally, an attorney in this jurisdiction would be suspended for six months to a year for comparable conduct, without the addition of a public reprimand. *See In re Hutchinson,* 534 A.2d 919 (D.C.1987) (*en banc*); *In re Reback and Parsons,* 513 A.2d 226 (D.C.1968) (*en banc*). This case is not comparable to the recently decided case *In re Schneider,* 553 A.2d 206 (D.C. 1989). In that case the attorney was billing clients for reimbursable costs incurred, though misrepresenting them on his charge receipts. In the instant case, the Respondent was falsely billing clients for his own personal calls. And for about two years the overbilling was not corrected, but once it came to light Respondent made full restitution and the clients were either credited or reimbursed.

Respondent betrayed the trust clients had placed in him by billing them for all these personal telephone calls. Because the Board views such wrongdoing as damaging the integrity of the profession, not to mention harming clients, it finds Respondent's conduct particularly serious and warranting a suspension of at least six months if not a year. However, as in *In re Kersey,* 520 A.2d 321 (D.C.1987), Respondent is an alcoholic. It was found by clear and convincing evidence in the Wisconsin proceedings that Respondent's alcoholism was the cause of his wrongdoing. He was placed on probation—which is within the range of sanctions for his misconduct. In the event that Respondent violates the terms of his probation in Wisconsin, he will be suspended for one year by that jurisdiction. Thus, the sanction in Wisconsin is a stayed one-year suspension and two years probation.

The Board concludes that the imposition of the same discipline by the District of Columbia Court of Appeals would not "result in grave injustice" and that the misconduct does not warrant "substantially different discipline." Rule XI, Section 18(5)(c) and (d).

Accordingly, the Board recommends that the identical discipline imposed by the Supreme Court of Wisconsin should be imposed by the District of Columbia Court of

Appeals. *See In re Rosen,* M–69(81) (D.C. App. Nov. 20, 1981); *In re Hudock,* 86–50 (D.C.App. May 20, 1986). The Court should issue a public reprimand and the same provisions of the order entered by the Supreme Court of Wisconsin including adopting the conditions of probation set forth in Wisconsin stipulating that copies of Dr. Herzl Spiro's quarterly reports and any compliance reports from Alcoholics Anonymous be forwarded to Bar Counsel by the Board of Attorneys Professional Responsibility in Wisconsin.

BOARD ON PROFESSIONAL RESPONSIBILITY

By /s/ Hannah J. Kaiser

HANNAH J. KAISER

Date: 13 March, 1989

All members of the Board concur in this report and recommendation except, Mr. Miller, Mr. Freund, and Mr. Carter, who did not participate.