**In re Gerald J. GARNER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 88–1330.

District of Columbia Court of Appeals.

Argued April 18, 1990.
Decided July 16, 1990.

John W. Klein, for respondent.

Michael S. Frisch, Asst. Bar Counsel, with whom Thomas E. Flynn, Bar Counsel, and Joan L. Goldfrank, Executive Atty., were on the brief, for petitioner.

Before TERRY and STEADMAN, Associate Judges, and GALLAGHER, Senior Judge.

PER CURIAM:

Respondent is a member of the bars of the State of New York and the District of Columbia. In 1984, in a disciplinary proceeding, the Appellate Division of the Supreme Court of New York determined that respondent was guilty of two charges of dishonesty and misrepresentation arising out of his representation of a New York couple in a California adoption proceeding. *In re Garner*, 103 A.D.2d 390, 480 N.Y. S.2d 127 (2d Dept.1984), *modified*, 107 A.D.2d 653, 484 N.Y.S.2d 791, *appeal dismissed*, 65 N.Y.2d 636, 480 N.E.2d 752, 491 N.Y.S.2d 1030 (1985). The court concluded that he had falsified the names and signatures of the adoptive parents on a document submitted to the hospital where the adopted child was born, and that he had signed a blank State of California Health Facility Release which he knew would be completed using false information. *Id.* Accordingly, the court suspended respondent from practice for one year. *Id.* Pursuant to New York court rules, prior to being reinstated to practice, respondent must demonstrate by clear and convincing evidence that he is rehabilitated and fit to practice law. 22 N.Y.C.R.R. § 691.11.

The District of Columbia Board on Professional Responsibility (the Board) recommends that we refrain from subjecting respondent to the same discipline imposed by the New York court, and instead suspend him from practice for six months *nunc pro tunc* to the effective date of his New York suspension.[1] Pursuant to District of Columbia Bar Rule XI § 3, as it existed at the

---

**1.** On the other hand, Bar Counsel noted an exception to the Board's Report, and recommended that respondent be subject to reciprocal

time of the Board Report, respondent would not be subject to a requirement of demonstrating fitness prior to reinstatement, as his suspension would last less than one year and one day. D.C. Bar Rule XI § 3(2) (1988). In light of our conclusion that the Board did not apply the correct standard in arriving at its recommendation, we remand the record for reconsideration.

District of Columbia Bar Rule XI § 11(f) provides that where a member of the bar has been subject to discipline in another jurisdiction, we will impose reciprocal discipline "unless the attorney demonstrates, or the Court finds on the face of the record on which the discipline is predicated, by clear and convincing evidence" that one or more of the specifically enumerated exceptions set forth in § 11(c) exists. D.C. Bar Rule XI § 11(f) (1989).[2] Here, the Board recommends the application of Bar Rule XI § 11(c)(4), which provides for an exception to the imposition of reciprocal discipline where Bar Counsel or the attorney subject to discipline clearly demonstrates that "the misconduct established [in the proceeding in the other jurisdiction] warrants substantially different discipline in the District of Columbia." D.C. Bar Rule XI § 11(c)(4) (1989).

To determine whether it is appropriate to apply the "substantially different discipline" exception, we must undertake a two-step inquiry. First, we determine if the misconduct in question would not have resulted in the same punishment here as it did in the disciplining jurisdiction. *In re Hirschberg*, 565 A.2d 610, 614 (D.C.1989) (Board Report adopted by court). Second, where the discipline imposed in this jurisdiction would be different from that of the disciplining court, we must then determine whether the difference is substantial. *In re Brickle*, 521 A.2d 271, 273 (D.C.1987).

When considering the first prong of the "substantially different discipline" excep-

tion, the question is whether the discipline of the foreign jurisdiction is within the range of sanctions that would be imposed for the same misconduct. *In re Hirschberg, supra,* 565 A.2d at 614; *see also In re Reiner,* 561 A.2d 479, 482 (D.C.1989). Although we traditionally defer to the Board's determinations with regard to this issue, *see, e.g., In re Reiner, supra,* 561 A.2d at 482,[3] we cannot accept its recommendation in this proceeding because it did not apply the correct standard. The Board concluded that the "appropriate" sanction for respondent's falsification of two documents was a suspension from practice for six months. It did not, however, make any specific finding that the New York discipline was not within the "range of sanctions" which would be imposed in this jurisdiction for the misconduct in question. The Board's recommendation also does not contain any specific determination that the upper range of any sanction here would be "substantially different" from the sanction imposed by the New York court. We therefore remand the record for further consideration.

On remand, the Board should also make further factual findings to determine if we should apply respondent's discipline retroactively. In reaching its conclusion that we should impose discipline upon respondent *nunc pro tunc,* the Board failed to consider whether he promptly notified this jurisdiction of his New York suspension. *See In re Goldberg,* 460 A.2d 982, 985 (D.C.1983). The Board should make a factual determination regarding this issue.

*So ordered.*

---

discipline, and that we impose the discipline prospectively.

**2.** Section 11(f) refers to section 11(b) rather than section 11(c). D.C. Bar Rule XI § 11(f) (1989). It would appear, however, that subsection (c), not subsection (b), is the relevant provision.

**3.** When considering the second prong of the "substantially different discipline" exception,

*viz.,* where we determine whether there is a substantial difference between the discipline which would be imposed here and that which was imposed by the disciplining court, we employ a more stringent standard of review than we do in non-reciprocal cases. *See* D.C. Bar Rule XI § 11(f) (1989); *In re Reid,* 540 A.2d 754, 757 (D.C.1988); *In re Velasquez,* 507 A.2d 145, 146–47 (D.C.1986).