**In re Philip H. MANNING, Respondent, A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 90–244.**

District of Columbia Court of Appeals.

Submitted May 29, 1991.

Decided June 27, 1991.

---

Before TERRY and FARRELL, Associate Judges, and REILLY, Senior Judge.

## PER CURIAM:

Respondent, a member of the bar of Maryland and of this court, was brought before the Court of Appeals of Maryland in two separate disciplinary actions. He was suspended from the practice of law in Maryland in the first action, as the result of complaints by four separate clients. He was found to have committed neglect, misrepresentation, failure to return client property and failure to carry out a contract of employment. In the second action, concerning four other clients, he was found guilty of similar misconduct and was disbarred.

Upon being notified of the outcome of both Maryland proceedings, this court suspended respondent and ordered him to show cause before the Board on Professional Responsibility as to why identical discipline should not be imposed in this jurisdiction. *See* D.C.Bar R. XI, § 11(d). Respondent did not respond to the show cause order.[1] The Board then filed a report recommending that this court disbar respondent. Respondent has filed no objection.

Upon examination of this report and the record on which it was based, we accept the findings of the Board and adopt its recommendations. Such report is appended to this decision.

Accordingly, respondent is hereby disbarred from the practice of law in this jurisdiction and his name stricken from the roll of attorneys authorized to practice before this court.

*So ordered.*

## APPENDIX

### DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

BAR DOCKET NOS. 47–90 and 83–90

IN RE PHILIP MANNING, RESPONDENT

### REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

This is a reciprocal discipline matter in which we have before us two Maryland disciplinary actions against Respondent. In the first, Respondent was indefinitely suspended from practice in Maryland, with

---

1. In pointing out the absence of any response to the show cause order and any appeal from or objection to the findings and recommendations of the Board, we are not unmindful of respondent's right to notice of the proceedings in this jurisdiction. The file certified to us by Bar Counsel contains an affidavit by a process server that in attempting to make service he had visited two "places of employment"—one in Laurel and another in Columbia, Maryland—but found that respondent maintained no office in either location. He also tried vainly to serve respondent "at his last known place of abode" —a Laurel address—but learned from a neighbor that respondent had moved away several months previously.

Upon being advised of this return of the process server, the Board attempted service by publication—a notice appearing in the Daily Washington Law Reporter—pursuant to Super.Ct. Civ.R. 4–I.

We assume that the locations visited by the process server included the most recent addresses respondent had given the Bar Register. There is a requirement that members of the bar, in renewing their annual membership, must keep such addresses current. D.C.Bar R. II, § 2. Accordingly, we hold, unless respondent is able to show otherwise, that he was given proper notice.

a right to apply for reinstatement after 90 days; in the second, he was disbarred.

On the basis of these disciplinary actions, the Court of Appeals suspended Respondent in this jurisdiction under Court Rule XI, Sec. 11(d), and directed Respondent to show cause before the Board why identical discipline should not be imposed here. Respondent did not respond to the show cause order, and has not otherwise appeared before the Board.

For the reasons discussed below, we recommend that reciprocal discipline be imposed in this case and that Respondent be, accordingly disbarred.

THE MARYLAND DISCIPLINE

The case in which Respondent was indefinitely suspended in Maryland (*Attorney Grievance Commission v. Manning,* January 19, 1990), involved disciplinary violations concerning four separate clients. In one, *McLain,* Respondent was retained to effect a change of name for a minor. He took no action for over a year, and then failed to advise his client of the status of his efforts. He was found to have committed neglect, failure to pursue the lawful objectives of his client, and failure to carry out a contract of employment. In *Landini,* Respondent was retained to pursue litigation on behalf of a client. He took no action in the matter for seven months and, when discharged, failed to withdraw from the case and to return client funds. He was found to have committed neglect and failure to return client property to the client, in violation of DR 6–101(A)(3) and DR 9–102(B)(4). In *Quigg,* Respondent took no action over a period of time to record a deed, and then misrepresented to his client that the deed had been recorded. He was found to have violated Rules of Professional Conduct (RPC) 1.3 (neglect), 1.4(a) (failure to communicate with client), and 8.4(c) (misrepresentation). Finally, in *TenEyck,* Respondent committed neglect, misrepresentation and charged an excessive fee in his representation of clients in a personal injury matter, in which he took no action, charged a one-third contingency fee to collect PIP benefits, and misrepresented to his clients the steps he had taken on their behalf. The Maryland Court of Appeals also found that, in each of these cases, Respondent violated RPC 8.1(b) by failing to respond to requests for information from Maryland Bar Counsel (which would be a violation of DR 1–102(A)(5) in the District of Columbia).

The case which led to Respondent's disbarment in Maryland (*Attorney Grievance Commission v. Manning,* 318 Md. 697, 569 A.2d 1250 February 27, 1990) also involved four separate matters. In *Caulkins,* Respondent committed neglect and failure to communicate with his client (in violation of RPC 1.3 and 1.4) in connection with his representation of her in a divorce matter. Respondent failed to prosecute the divorce adequately, and allowed his client to suffer a divorce by default in a counter-complaint brought by the spouse. In *Flora,* Respondent failed to pursue a client's negligence claim, and the Maryland authorities found him to have committed neglect and intentional failure to pursue a client's objectives and to fulfill a contract of employment. In *Kean,* Respondent failed to complete work on clients' wills, and then misrepresented to them the status of his work. He was found to have engaged in neglect, failure to communicate with his client, and dishonesty. Finally, in *McDonald,* Respondent neglected an incorporation matter for a client, for which he was found to have engaged in neglect, failure to communicate with his client, and failure to cooperate with Bar Counsel.

DISCUSSION

Under Court Rule XI, Sec. 11, reciprocal discipline is to be imposed in any case unless one of five factors, listed in Section 11(c), is present. Respondent must establish the presence of one or more of these factors by clear and convincing evidence, or they must appear from the face of the record. No information has been presented by Respondent to establish any of these five factors, and none appear on the face of the record: there is no indication that Respondent was not accorded due process in Maryland, that there was any infirmity of proof establishing the misconduct, that im-

position of the same discipline here would result in grave injustice, that the misconduct in Maryland does not constitute misconduct here, or that the Maryland misconduct would warrant substantially different discipline in the District of Columbia.[1]

Accordingly, we recommend that the Court impose reciprocal discipline in this case by disbarring Respondent from the practice of law in the District of Columbia.

BOARD ON PROFESSIONAL RESPONSIBILITY

By: /s/ BARRY E. COHEN

Barry E. Cohen

December 14, 1990

All members of the Board concur in this Report and Recommendation except Mr. Freund and Mr. Williams, who did not participate.

1. The Maryland disbarment may be a somewhat more severe sanction than would have been imposed in an original proceeding in the District of Columbia for Respondent's misconduct, but that is not the issue posed by this last reciprocal discipline factor. That issue is whether the foreign discipline warrants "substantially different discipline" in the District of Columbia, which the Court of Appeals has interpreted to be a sanction outside the *"range of sanctions* that would be imposed for the same misconduct." *In re Garner,* 576 A.2d 1356 (D.C. 1990) (emphasis added).

In this jurisdiction, misconduct such as Respondent committed in Maryland—multiple instances of neglect, misrepresentation, failure to cooperate with Bar Counsel, and other violations—has resulted in lengthy suspensions. *In re Washington,* 541 A.2d 1276 (D.C.1988), involved almost identical (but less numerous) violations as here, and resulted in a four year suspension. In *In re Haupt,* 422 A.2d 768 (D.C. 1980), the lawyer committed similar, but also less numerous, violations as here, and was suspended for three years.

Also to be noted is Respondent's prior discipline in this jurisdiction, a reprimand in 1990 for failure to return client property. (*In Re Manning,* No. 355–88, March 19, 1990.) The greater number of disciplinary violations in the matter before us could well justify disbarment here. Moreover, we view disbarment (in effect, a suspension for five years) as within the "range of sanctions"—three and four-year suspensions—previously imposed in this jurisdiction for similar misconduct.