**In re Donna C. ALDRIDGE, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 93–BG–252.**

District of Columbia Court of Appeals.

Submitted Oct. 25, 1994.
Decided Sept. 7, 1995.

Before WAGNER, Chief Judge, FARRELL, Associate Judge, and BELSON,* Senior Judge.

BELSON, Senior Judge:

In this reciprocal discipline proceeding against respondent Donna C. Aldridge, the Board on Professional Responsibility recommends that this court impose the same sanction that the Court of Appeals of Maryland imposed, *i.e.,* suspension from practice for three years. Bar Counsel supports the imposition of reciprocal discipline. The respondent has not taken exception. We impose the discipline proposed by the Board.

District of Columbia Bar R. XI, § 11(f) provides that when a member of the bar has been subjected to discipline in another jurisdiction, this court will impose reciprocal discipline "unless the attorney demonstrates, or the Court finds on the face of the record on which the discipline is predicated, by clear and convincing evidence" that one or more of the five exceptions specified in § 11(c) exists.[1] Respondent here has demonstrated the existence of no exception as she has taken no part in this proceeding. Indeed, by failing even to respond to this court's order to show cause why reciprocal discipline should not be imposed, Aldridge has effectively defaulted on the issue whether such cause exists. *See In re Goldsborough,* 654 A.2d 1285, 1287 (D.C.1995).

As the Board on Professional Responsibility recognized in making its unanimous recommendation of reciprocal discipline, the only exception identified in § 11(c) that is even arguably applicable here is the exception carved out for instances in which "the misconduct established warrants substantially different discipline in the District of Columbia." We pointed out in *In re Garner,* 576 A.2d 1356, 1357 (D.C.1990), that we must make a two-step inquiry in order to determine whether this particular exception applies. First, we must determine whether the misconduct in question would not have resulted in the same punishment here as it did in Maryland. Second, if we find that the discipline here would be different from that imposed in Maryland, we must then determine whether the difference is substantial. *Id.*

Determination of the first prong of the "substantially different discipline" exception depends upon whether the discipline in the foreign jurisdiction is within the range of sanctions that would be imposed here for the same misconduct. *Id.* We turn, therefore, to a brief consideration of the misconduct

---

* At the time this case was submitted, the late Judge Gerard D. Reilly was a member of the panel. Upon the death of Judge Reilly, Judge Belson was selected by lot to replace him.

1. D.C.Bar R. XI, § 11(f) (1989). While § 11(f) refers to § 11(b) rather than § 11(c), it is apparent that the intended reference is to § 11(c). *In re Garner,* 576 A.2d 1356, 1357 n. 2 (D.C.1990).

passed upon by the Court of Appeals of Maryland.[2]

The behavior of respondent at issue here was related to an earlier proceeding in which the Maryland Court of Appeals found that she had violated rules requiring competence, diligence, and communication with her client in the handling of a personal injury claim. That proceeding resulted in a Maryland sanction of indefinite suspension, a sanction from which she was relieved in less than two months. Considering reciprocal discipline in that case, this court ordered respondent suspended for sixty days. *In re Aldridge*, 624 A.2d 1210 (D.C.1993). The instant case arises from her misconduct in attempting to conceal her negligent behavior from Maryland authorities during the investigation of and hearings on the charges against her. The Board on Professional Responsibility's report to this court summarizes her behavior as follows:

> Specifically, she attempted to fool an investigator by showing him papers purportedly documenting a settlement with an insurance carrier of the client's claim for $3,000, of which the client was to receive $1,861. She also presented false documents to an inquiry panel looking into the client's complaint and misled the panel into believing the case had been properly disposed of. In fact, the court found that no settlement had taken place, the statute of limitations had passed, and Respondent had paid her client $1,861 out of her own pocket. She was found to have violated Maryland Rule 8.1 regarding making false statements and failing to disclose information, and Rule 8.4 regarding dishonesty.

The Court of Appeals of Maryland rejected respondent's argument that she had already been sanctioned for her conduct, and imposed a suspension of three years without any requirement that respondent establish her fitness to practice law before resuming practice.

The Board concluded, and we agree, that while a three-year suspension is, generally speaking, a severe sanction for a dishonesty case, it does lie within the range of sanctions that would be imposed had this case been brought in the District of Columbia as an original matter. The period of suspension is actually somewhat less severe than might first appear, because it is not accompanied by a requirement of a time-consuming demonstration of fitness to resume practice.

We have imposed a broad range of sanctions in cases involving dishonesty. As we pointed out in *In re Haupt*, 422 A.2d 768 (D.C.1980) (*Haupt I*), "[w]ithin the limits of the mandate to achieve consistency, each case must be decided on its particular facts." *Id.* at 771. We went on in *Haupt I* to identify several factors that must be considered in imposing discipline in a specific case, including the nature of the violation, the mitigating and aggravating circumstances, and the need to protect the public, the courts, and the legal profession.

In an aggravated case of dishonesty, we have imposed disbarment. *In re Goffe*, 641 A.2d 458 (D.C.1994) (attorney disbarred for repeated misconduct in forging signatures on legal documents, falsely notarizing legal documents, creating evidence and testifying falsely, all to obtain economic benefit, where there are no substantial mitigating factors other than lack of previous disciplinary record, and attorney reluctant to indicate contrition or recognition of seriousness of offenses).

In a case of dishonesty somewhat less aggravated than *Goffe*, we imposed a suspension from practice for two years, along with a requirement of demonstration of fitness to practice law. *In re Sheehy*, 454 A.2d 1360 (D.C.1983) (attorney suspended for negligently permitting statute of limitations to expire and misleading Bar Counsel in its investigations, with previous reprimands and admonishments for neglect, where respondent made full disclosure after Bar Counsel's follow-up letter). In cases where there was even less aggravation, but more than a single act of dishonesty, we have imposed a period of suspension for one year and a day, along with a fitness requirement. *See, e.g., In re*

---

**2.** The opinion of the Maryland Court of Appeals is unreported. It is found at Misc.Docket (subtitled BB) No. 19, Feb. 10, 1993.

*Martin Fogel,* 422 A.2d 966 (D.C.1980) (attorney suspended for multiple instances of dishonesty to client, disciplinary committee, and court relating to excuses for failure to make court appearances, together with neglect and intentional failure to carry out his agreement to represent client).

While comparisons of the various fact-specific rulings we have made on sanctions are necessarily imprecise, it is clear enough that the sanction imposed by the Court of Appeals of Maryland falls within the broad range of sanctions which this court might have imposed for the misconduct in question.[3]  Respondent not only misled a client, but misled an Assistant Bar Counsel in written correspondence after he had raised questions about her conduct, and continued her effort to mislead by information she placed before a bar inquiry panel.  Accordingly, Donna C. Aldridge is hereby suspended from the practice of law in the District of Columbia for a period of three years, that period to begin to run upon the filing of the affidavit required by District of Columbia Bar Rule XI, § 14(g).

*So ordered.*

---

**3.**  As a three-year suspension lies within the range of sanctions that would be imposed had this case been brought in the District of Columbia as an original matter, we need not reach the second prong identified in *Garner, supra, i.e.,* whether the difference between the discipline imposed in Maryland and the discipline we would impose is substantial.  *Id.* at 1357.