**In re David J. ALLMOND, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 95–BG–1831.**

District of Columbia Court of Appeals.

Submitted Jan. 15, 1997.

Decided Feb. 27, 1997.

Before SCHWELB and FARRELL, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

In this reciprocal disciplinary matter, a report of the Board on Professional Responsibility advises that respondent stipulated before the Virginia State Disciplinary Board to twenty-nine violations of fourteen Virginia ethics rules in dealing with six different clients during 1993 and 1994. *In re David Jerome Allmond*, VSB Docket Nos. 94–010–0309, *et al.;* [1] *see also In re Allmond*, 665

---

1. Respondent falsely told an insurance adjustor that his client had agreed to a settlement offer without informing his client of the offer. In another case, he received a settlement check intended for the client, converted the proceeds to his personal use or commingled the proceeds and then lied to an auditor during a random audit the Virginia State Bar required under the terms of his probation for prior ethical violations. In a third case, respondent was hired to represent complainant's son on a charge of malicious wounding. Complainant was unable to contact respondent who never refunded the $500 retainer fee. Respondent failed to deposit the retainer into a trust account as required by Virginia disciplinary rules and again lied to the state bar auditor.

In another case, respondent was hired to help a client regain custody of her daughter. Respondent accepted a $340 retainer which he did not deposit into a trust account as required, a failure

he misrepresented to the auditor. In the case itself, he failed to file a timely motion, belatedly appeared before the court and falsely told the court he had been retained only recently, failed to appear at a custody hearing and after that never contacted the court, his client or counsel for any of the other parties. In a fifth matter, respondent was arrested for possession of cocaine. During a "pat down" search, an officer found a pipe containing cocaine residue which respondent claimed belonged to a client whom he was representing in a parole or probation revocation hearing, a violation of a client confidence. When informed by the court that he would have to appear at a revocation hearing on behalf of that client, respondent failed to inform the judge or the Assistant Commonwealth Attorney that his license had just been suspended for six months. He later plead guilty to possession of cocaine. Finally, respondent undertook a personal injury case but failed to communicate with

A.2d 213 (D.C.1995). On January 20, 1995, respondent was suspended from the practice of law for three years by the Virginia Board. He was required to complete all terms and conditions of a criminal probation imposed as a result of his guilty plea for cocaine possession, as a first offender, and complete all terms and conditions of a two-year aftercare contract with a treatment facility where he is being treated for cocaine addiction and bipolar disorder.

On January 22, 1996, we ordered respondent suspended in the District of Columbia while our Board on Professional Responsibility considered whether or not reciprocal discipline should be imposed in this jurisdiction. The Board, on July 29, 1996, concluded that the Virginia proceedings had accorded respondent due process and that there was no infirmity of proof, but that the imposition of identical discipline here is not appropriate because substantially different discipline would be imposed had the case arisen in this jurisdiction, citing *In re Zilberberg,* 612 A.2d 832 (D.C.1992), and *In re Garner,* 576 A.2d 1356 (D.C.1990).[2] It noted that the gravity of the misconduct and questions raised with respect to respondent's cocaine addiction and bipolar disorder would warrant a fitness requirement along with a period of suspension.

After an extensive review of case law, in this and other jurisdictions, with regard to "Suspension," "Fitness," and "Mitigation," the Board recommended that respondent be suspended for three years in the District of Columbia, that he be required to comply with the terms and conditions of probation and contract imposed in Virginia (*see supra* at 2), that discipline in this jurisdiction begin when he filed his D.C. Bar R. XI, § 14(g) affidavit, and that such suspension may be lifted after he proved fitness to practice under Rule XI, § 16.

Appellant has filed no objection to the Board's recommendation. We adopt the recommended sanctions of the Board on Professional Responsibility and order that respondent be suspended for three years beginning on September 18, 1996 (the date that he filed an adequate affidavit pursuant to Rule XI, § 14(g)). Such suspension is subject to termination once he demonstrates fitness to practice under D.C. Bar R. XI, § 16.

*So ordered.*

---

the client and inform the client that his license to practice was suspended. Respondent made no arrangements to transfer the client's case to another attorney.

2. The Board noted that all of the misconduct stipulated to by respondent in Virginia constitutes misconduct in the District of Columbia except for two violations for failing to segregate client funds in two cases (citing Rule 1.15(d)). It agreed with bar counsel that the misappropriation, which would warrant the sanction of disbarment in the District of Columbia, could not be proven from the Virginia record and that a three-year suspension with terms was within our range for the repeated acts of neglect and dishonesty with clients, courts, and bar counsel.