In re Alfred A. PAGE, Jr., Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 480892).

No. 06–BG–1400.

District of Columbia Court of Appeals.

Dec. 20, 2007.

Before FARRELL and REID, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

On September 29, 2005, the Maryland Court of Appeals, pursuant to a Joint Petition for Reprimand by Consent, reprimanded respondent, Alfred A. Page, Jr.,[1] a member of the Bar of the District of Columbia, and ordered that he submit to a practice and escrow monitor for two years, with the monitor making monthly reports to the Office of Bar Counsel for the first six months and quarterly reports thereafter for the rest of the two-year period. In the joint petition, respondent acknowledged that there was sufficient evidence to sustain the charges of failure to communicate with his client; failure to act with reasonable diligence and promptness in that representation; failure to keep complete records of the monies received, such that respondent could not identify the account into which he deposited the client's retainer; and failure to respond to inqui-

1. Respondent was admitted to the Bar of the District of Columbia on February 8, 2003.

ries by the Office of Bar Counsel in a timely manner.

In the joint petition, respondent stated he was not a member of another bar, nor did he subsequently notify this jurisdiction of his discipline. But on November 29, 2006, after receiving notice from the American Bar Association, Bar Counsel filed a certified copy of the order from the Maryland Court of Appeals. On December 28, 2006, this court issued an order directing: 1) Bar Counsel to inform the Board on Professional Responsibility ("Board") of his position regarding reciprocal discipline within thirty days, 2) respondent to show cause why identical, greater, or lesser discipline should not be imposed, and 3) the Board either to recommend reciprocal discipline or to proceed de novo. Respondent has filed a statement requesting that there be no discipline because he has complied with the Maryland Court's order requiring him to retain an escrow and practice monitor and submit periodic reports, or alternatively, requesting that any period of oversight run concurrently with the supervision by the Maryland practice monitor. Bar Counsel recommended the functionally identical reciprocal discipline of public censure and probation for two years with oversight by a practice monitor licensed in the District of Columbia.

The Board has recommended to this court that reciprocal and functionally identical discipline be imposed in the form of a public censure and a two-year period of probation under the supervision of an escrow and practice monitor. The Board also recommends that within thirty days, respondent provide Bar Counsel with the prior reports of the Maryland practice monitor and that his probationary period for monitoring should run from the date on which the reports are provided.[2] No ex-

ceptions to the Board's Report and Recommendation have been filed but Bar Counsel notes that respondent's Maryland practice monitor has declined appointment as a monitor in this case.

In its Report and Recommendation, the Board notes that a rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction[,]" *In re Goldsborough*, 654 A.2d 1285, 1287 (D.C.1995), and asserts that the imposition of reciprocal discipline will not work grave injustice. *In re Childress*, 811 A.2d 805, 807 (D.C.2002). Here, as the Board report notes, there was no miscarriage of justice in the Maryland matter because respondent had notice of the Maryland proceeding, participated in it, admitted the sufficiency of the evidence against him, and consented to the disciplinary action. The Board thus found, and we agree, that there is no basis for any exception set forth in D.C. Bar R. XI, § 11(c) to apply here. Further, public censure in the District of Columbia is the functional equivalent of a public reprimand by the Maryland Court of Appeals. *See, e.g., In re Zentz*, 891 A.2d 277 (D.C.2006); *In re Miller*, 883 A.2d 105 (D.C.2005); *In re Bridges*, 805 A.2d 233 (D.C.2002). Moreover, a public censure with the condition that respondent cooperate with a practice monitor is within the range of sanctions possible in the District of Columbia. *See In re Mott*, 886 A.2d 535 (D.C.2005); *In re Bettis*, 855 A.2d 282 (D.C.2004). Finally, respondent is not entitled to have the monitoring condition run *nunc pro tunc* to the Maryland probationary period because he failed to notify Bar Counsel of the Maryland discipline, *cf. In re Goldberg*, 460 A.2d 982, 985 (D.C.1983); *In re Hirsch-*

---

**2.** The report provided for *nunc pro tunc* treatment if respondent had filed the Maryland reports within thirty days; however, there is no indication that he has done so.

*berg,* 565 A.2d 610 (D.C.1989), nor has respondent provided the Board with a copy of the monitor's reports.

Since no exception has been taken to the Board's report, the court gives heightened deference to its findings and recommendation. *See* D.C. Bar R. XI, § 11(f); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). As we find support in the record for the Board's findings, we accept them and adopt the sanction it recommends. Accordingly, it is

ORDERED that Alfred A. Page, Jr. be, and hereby is publicly censured. It is

FURTHER ORDERED that respondent is hereby placed on a two-year period of probation under the supervision of a practice monitor to be appointed by the Board of Professional Responsibility on the terms imposed by the Maryland Court of Appeals. It is

FURTHER ORDERED that respondent shall, within thirty days, provide Bar Counsel with copies of prior reports of the Maryland practice monitor. Failure of respondent to comply with this requirement may subject him to further discipline upon motion by the Board.

*So ordered.*