In re Charles BRIDGES, Respondent.

No. 00–BG–1346.

District of Columbia Court of Appeals.

Argued June 28, 2002.
Decided Aug. 22, 2002.

Pamela J. Bethel, Washington, for respondent.

Catherine L. Kello, Assistant Bar Counsel, with whom Joyce E. Peters, Bar Counsel, was on the brief, for the Office of Bar Counsel.

Before TERRY, SCHWELB and GLICKMAN, Associate Judges.

GLICKMAN, Associate Judges.

In this appeal, we accept the recommendation of the Board on Professional Responsibility and impose reciprocal discipline on respondent Charles Bridges.

Bridges is an attorney who is admitted in the District of Columbia, Maryland and other jurisdictions. The Court of Appeals of Maryland publicly reprimanded Bridges for his failure to cooperate with a disciplinary investigation commenced by the State's Attorney Grievance Commission. The findings of fact supporting the reprimand, which were made after an evidentiary hearing before a Maryland Circuit Court judge, are set forth in the Maryland court's opinion and need not be repeated here. *See Attorney Grievance Comm'n v. Bridges*, 360 Md. 489, 759 A.2d 233 (2000). In brief, the Attorney Grievance Commission had opened an inquiry into whether Bridges had engaged in the unauthorized practice of law in Maryland prior to his admission to the Maryland bar. The Maryland Court of Appeals ultimately exonerated Bridges of this charge because he had strictly limited his pre-admission legal practice to permissible federal matters. *See id.*, 759 A.2d at 244–45. *See also Sperry v. Florida*, 373 U.S. 379, 383–85, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963) (holding that under the Supremacy Clause, the state could not enjoin a non-attorney from carrying on a patent law practice in the state as permitted by federal law and regulations, even though "the preparation and prosecution of patent applications for others constitutes the practice of law"); *Kennedy v. Bar Ass'n of Montgomery County, Inc.*, 316 Md. 646, 561 A.2d 200, 211 (1989) (following *Sperry* and modifying an injunction against the unauthorized practice of law so as to permit a foreign attorney to continue to practice exclusively before the federal courts in Maryland to which he was admitted). The Maryland Court of Appeals determined, however, that Bridges violated Rules 8.1 and 8.4(d) of the Maryland Rules of Professional Conduct (MRPC)[1] during the course of the unau-

---

1. MRPC Rule 8.1(b) states in pertinent part

that in connection with a disciplinary matter,

thorized practice investigation by refusing to provide requested information, failing to appear at hearings of the inquiry panel, concealing his whereabouts from the Attorney Grievance Commission, and destroying relevant documents. *Bridges,* 759 A.2d at 245–47.

The Maryland Rules have their counterparts in Rules 8.1(b) and 8.4(d) of this jurisdiction's Rules of Professional Conduct,[2] and the Board on Professional Responsibility now recommends that we impose functionally equivalent reciprocal discipline on Bridges in the form of a public censure. *See In re Bell,* 716 A.2d 205, 206 (D.C.1998) ("[A] public censure is functionally equivalent to a public reprimand in another jurisdiction."). Our rules governing the members of our bar provide that reciprocal discipline "shall be imposed unless the attorney demonstrates, by clear and convincing evidence," that the case falls within one or more of five enumerated exceptions.[3] D.C. Bar R. XI, § 11(c). "The rule thus creates a rebuttable presumption that the

discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992) (footnote and citation omitted).

Bridges objects to the imposition of reciprocal discipline on three grounds, none of which carries the day for him. First he contends (implicitly invoking, we presume, the first three exceptions listed in D.C. Bar R. XI, § 11(c), see footnote 3, *supra* ) that the Maryland Court of Appeals had no authority to discipline him because, under *Sperry,* it had no jurisdiction over his federal practice. We need not belabor the manifest defects we perceive in this argument. The Maryland Court of Appeals considered and rejected Bridges' jurisdictional arguments, and "giving due deference to [the] decision of another jurisdiction in a reciprocal discipline case, the principles of collateral estoppel obligate us to accept the holding of that court." *In re Richardson,* 602 A.2d 179, 181 (D.C.1992) (citations omitted). *Cf. Underwriters Nat'l Assurance Co. v. North Carolina*

a lawyer shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority." MRPC 8.4(d) states that it is professional misconduct for a lawyer to "engage in conduct that is prejudicial to the administration of justice."

2. Our Rule 8.1(b) states in pertinent part that in connection with a disciplinary matter, a lawyer shall not "knowingly fail to respond reasonably to a lawful demand for information from an admissions or disciplinary authority. . . ." Rule 8.4(d) states that it is professional misconduct for a lawyer to "[e]ngage in conduct that seriously interferes with the administration of justice. . . ."

3. The rule lists the five exceptions that an attorney facing reciprocal discipline may seek to demonstrate by clear and convincing evidence as follows:
   (1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

   (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or
   (3) The imposition of the same discipline by the Court would result in grave injustice; or
   (4) The misconduct established warrants substantially different discipline in the District of Columbia; or
   (5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.
   D.C. Bar R. XI, § 11(c). Unless exceptions (1), (2), or (5) are established, the final determination of professional misconduct by the court in the original disciplining jurisdiction "shall conclusively establish the misconduct" for the purpose of reciprocal discipline in this court. *Id.*

*Life & Accident & Health Ins. Guar. Ass'n,* 455 U.S. 691, 706, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982) (reiterating the long-settled rule that "principles of *res judicata* apply to questions of jurisdiction as well as to other issues") (citation omitted). Collateral estoppel aside, the Maryland Court of Appeals did not purport to assert jurisdiction over federal matters. The court disciplined Bridges solely because he did not cooperate with a state investigation into whether his legal practice was authorized. Nothing in *Sperry* limits the state's power either to conduct such an investigation or to sanction an attorney for obstructing it.

Bridges next offers a host of reasons why, in the language of the second exception in D.C. Bar R. XI, § 11(c), there was such "infirmity of proof" in the Maryland proceeding that this court should not accept the Maryland court's determination of misconduct as conclusive. Bridges objects, for example, to rulings on the admissibility of evidence, evaluations of his credibility as a witness and inferences drawn from the evidence. We see no need to prolong this opinion with a point-by-point analysis of each objection that Bridges asserts. The burden of proof on an attorney who would seek to establish the "infirmity of proof" exception by the requisite clear and convincing evidence is a heavy one. The exception is not an invitation to the attorney to relitigate in the District of Columbia the adverse findings of another court in a procedurally fair proceeding. *See In re Shearin,* 764 A.2d 774, 777 (D.C.2000). Bridges does not shoulder his burden in this case. Not only has he failed to substantiate his objections by presenting us with the evidentiary record of the Maryland hearing along with "chapter and verse" citations to the claimed deficiencies in that record—a virtual *sine qua non,* one would think, for showing that the proof was so infirm that the findings and conclusions must be disregarded—but he also does not demonstrate

that the Maryland court lacked evidence of misconduct on his part. While he offers excuses, Bridges does not dispute the main findings that he failed to provide requested information, left the jurisdiction in the middle of the investigation without informing the Attorney Grievance Commission, and failed to appear at two hearings of an inquiry panel to which he had been summoned.

Bridges' final objection to the imposition of reciprocal discipline is that the misconduct for which he was sanctioned in Maryland does not constitute misconduct in the District of Columbia (the fifth exception). To the contrary, numerous decisions of this court attest to the fact that an attorney's persistent failure to cooperate with Bar Counsel in a disciplinary investigation, if comparable to the lack of cooperation that Bridges displayed according to the Maryland Court of Appeals, constitutes conduct seriously interfering with the administration of justice in violation of Rule 8.4(d) of our Rules of Professional Conduct. *See In re Nielsen,* 768 A.2d 41 (D.C.2001); *In re Steinberg,* 761 A.2d 279, 280 (D.C.2000); *In re Lockie,* 649 A.2d 546, 547 (D.C.1994). In addition, as mentioned in footnote 2, *supra,* Rule 8.1(b) of our Rules expressly states that "in connection with a disciplinary matter, [a lawyer] shall not ... knowingly fail to respond reasonably to a lawful demand for information from an admissions or disciplinary authority...."

We conclude that Bridges' misconduct in Maryland warrants reciprocal discipline. The public censure that the Board recommends as the functional equivalent of the public reprimand in Maryland is within the range of sanctions that this court has imposed for similar misconduct. *See Nielsen, supra.* Other cases have ordered stronger penalties; *see, e.g., Lockie,* 649 A.2d at 547 (imposing thirty-day suspension with reinstatement conditioned on

proof of fitness and compliance with inquiries of Bar Counsel and Board orders).

Accordingly, it is hereby

ORDERED that respondent Charles Bridges be and hereby is publicly censured by this Court as reciprocal discipline for his failure to cooperate with a disciplinary inquiry in Maryland as determined by the Maryland Court of Appeals in *Attorney Grievance Comm'n v. Bridges,* 360 Md. 489, 759 A.2d 233 (2000).

*So ordered.*