**In re Winston W. TSAI, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 130120).**

**No. 03–BG–1088.**

District of Columbia Court of Appeals.

Oct. 21, 2004.

Before TERRY and REID, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

Respondent, Winston W. Tsai, was admitted to the Bar of this court in 1972. In this disciplinary proceeding, the Board on Professional Responsibility ("the Board") has recommended that reciprocal and func-

tionally identical discipline be imposed in the form of a public censure. We accept that recommendation.

On August 21, 2003, the Maryland Court of Appeals reprimanded respondent for disciplinary violations, in accordance with a "Joint Petition for Reprimand by Consent" in which respondent acknowledged violating Rules 1.1, 1.3, 1.4, and 8.4(d) of the Maryland Rules of Professional Conduct. *Attorney Grievance Comm'n v. Tsai,* 376 Md. 538, 830 A.2d 910 (2003).[1] Respondent did not notify Bar Counsel of this Maryland order, as our rules require. *See* D.C. Bar Rule XI, § 11(b). But the Maryland authorities did so, and on October 22, 2003, this court directed Bar Counsel to inform the Board of her position regarding reciprocal discipline. Bar Counsel in due course recommended reciprocal discipline in the form of a public censure.

In its Report and Recommendation, the Board concluded that respondent's misconduct in Maryland (neglect, failure to provide competent representation, failure to communicate, and conduct prejudicial to the administration of justice), if committed here, would have violated Rules 1.1, 1.3, 1.4, and 8.4(d) of the District of Columbia Rules of Professional Conduct. The Board also found that a public censure is within the range of sanctions imposed for similar misconduct in the District of Columbia and recommended imposing the reciprocal discipline of public censure.

This court has held that a public censure in the District of Columbia is the functional equivalent of a public reprimand by the Maryland Court of Appeals. *See, e.g., In re Bridges,* 805 A.2d 233, 234 (D.C.2002); *In re Greenberg,* 762 A.2d 42 (D.C.2000). Our review in uncontested disciplinary cases is limited, and the presumption is in

---

**1.** The Maryland order stated that respondent was being reprimanded for violating these

rules "by his neglectful handling of two immigration matters."

favor of identical reciprocal discipline. *See In re Zdravkovich,* 831 A.2d 964, 968 (D.C. 2003) (citing *In re Gardner,* 650 A.2d 693, 695 (D.C.1994)); *In re Zilberberg,* 612 A.2d 832, 834–835 (D.C.1992); D.C. Bar Rule XI, § 11(f). The Board has found no basis for applying any of the five exceptions set forth in D.C. Bar Rule XI, § 11(c), and thus it recommends that we accept the findings of the Maryland court and impose reciprocal discipline.

Both Bar Counsel and respondent have indicated that they do not take exception to the Board's recommendation; accordingly, it is entitled to heightened deference from this court. *See In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997); D.C. Bar Rule XI, § 9(g)(2). Because there is substantial support in the record for the Board's findings, we accept them. It is therefore

ORDERED that respondent Winston W. Tsai be, and hereby is, publicly censured.