In re Paul B. KLEIN, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 391816).

No. 03–BG–761.

District of Columbia Court of Appeals.

Argued June 13, 2006.

Decided July 20, 2006.

---

John A. Bourgeois, with whom Andrew J. Graham, Baltimore, MD, was on the brief, for respondent.

Ross T. Dicker, Assistant Bar Counsel, with whom Wallace E. Shipp, Jr., Bar Counsel, was on the brief, for the Office of Bar Counsel.

Before FARRELL and REID, Associate Judges, and KING, Senior Judge.

REID, Associate Judge:

On May 27, 2003, the Court of Appeals of Maryland, in response to a Joint Petition for Reprimand By Consent, "reprimanded" Paul B. Klein, the respondent, "for his violation of Rule 1.4 of the Maryland Rules of Professional Conduct by his referring a client's case to other counsel without making it explicit to the client that he would cease further involvement in the case." Upon our receipt of a certified copy of the Maryland order, we asked Bar Counsel to determine whether reciprocal discipline should be imposed, or whether the Board elected to proceed *de novo*. The Board on Professional Responsibility ("the Board") decided reciprocal discipline would be appropriate and on June 2, 2005, issued its report and recommendation that we "impose the discipline of a public censure as the functionally equivalent reciprocal discipline to the reprimand imposed by the Maryland Court." Mr. Klein took exception, arguing that a reprimand rather than public censure was the proper reciprocal discipline. We accept the recommendation of the Board and impose the sanction of public censure.

## FACTUAL SUMMARY

The record before us shows that on May 31, 2002, the Attorney Grievance Commission of Maryland filed a petition for disciplinary action against Mr. Klein in the Court of Appeals of Maryland, alleging the following account of events leading up to the charges against him. Through an intermediary, Mr. Klein solicited a client, Monique Kennedy, who drove an automobile that collided with a bus; the intermediary also solicited three persons who were passengers on the bus as Mr. Klein's clients. One month later, Mr. Klein referred Ms. Kennedy's case to another attorney, without obtaining her prior approval. The letter which Mr. Klein sent to Ms. Kennedy after the referral stated that the other counsel "would join us in the representation of your claim." Eventually the attorney to whom the case had been referred notified Mr. Klein that he was returning Ms. Kennedy's file due to his inability to contact her. Mr. Klein then referred Ms. Kennedy's case to another attorney without her prior approval, and again notified her that that attorney was joining in the representation of her case. The second attorney did no work on the case, and after the lapse of many months, referred Ms. Kennedy's case to a third attorney without her prior permission, and his letter to Ms. Kennedy was returned due to an old address. None of the attorneys filed a complaint in Ms. Kennedy's behalf. Despite her efforts, Ms. Kennedy never was able to contact Mr. Klein after retaining him.

The third attorney, who represented bus passengers, subsequently sued Ms. Kennedy in behalf of bus passengers. A default judgment was entered in favor of the bus

passengers. Ms. Kennedy later was informed by the third attorney that a default judgment had been docketed against her.

Ms. Kennedy filed a complaint with Maryland Bar Counsel, and after completing its preliminary investigation, Maryland Bar Counsel filed a petition for disciplinary action against Mr. Klein with the Court of Appeals of Maryland. Following that court's transmittal of the petition to a Maryland Circuit Court judge for a hearing, Bar Counsel and Mr. Klein engaged in discovery. Ultimately, the parties agreed to file the Joint Petition for Reprimand By Consent in the Court of Appeals of Maryland. Although the petition for disciplinary action contained five professional conduct rules which Mr. Klein was alleged to have violated, Mr. Klein only "acknowledge[d] that he violated Rule 1.4 (Communication) of the Maryland Rules of Professional Conduct." [1]

After receiving from the Board a copy of the order from the Court of Appeals of Maryland imposing reprimand as a sanction and reviewing the Maryland Disciplinary proceedings, Bar Counsel for the District of Columbia recommended reciprocal discipline on September 2, 2003, with the sanction of public censure by this court as the equivalent discipline. Bar Counsel noted that

> [w]hile a censure for failing to communicate adequately with a client would lie at the high end of the sanction scale, a censure nonetheless is within the range of sanctions for a Rule 1.4 violation and should be imposed here, especially where there is no evidence that Respondent has expressed remorse for his misconduct or that he has taken steps to prevent a reoccurrence of the problem.

The Board reviewed the Statement of Bar Counsel, accepted his recommendation that reciprocal discipline be imposed since none of the five exceptions to reciprocal discipline applied to Mr. Klein's case, observed that this court "has repeatedly held that public censure is the functional equivalent of a reprimand by the Maryland Court," and on June 2, 2005, recommended public censure by this court. Mr. Klein took exception only to the recommended sanction, stating in his opposition to the Board's report and recommendation, "Mr. Klein does not contend that any of the five exceptions to the imposition of reciprocal discipline, enumerated in D.C. Bar R. XI, § 11(c) is present in this case."

## ANALYSIS

■ Mr. Klein contends "that the enhanced discipline of censure . . . [does not] constitute[] discipline identical to a reprimand, the discipline imposed in Maryland." During oral argument he maintained that there is an "enhanced stigma associated with the word censure." He asserts that our past cases holding that public censure is equivalent to the sanction of reprimand imposed by the Court of Appeals of Maryland may be distinguished because the respondent in those cases did not take exception. Bar Counsel emphasizes our past reciprocal discipline cases in which we have stated repeatedly that public censure is the functional equivalent of a reprimand by the Maryland Court.

■ D.C. Bar R. XI, § 11(c) governs reciprocal discipline. Under that section,

---

1. Rule 1.4 of the Maryland Rules of Professional Conduct, as set forth in the petition for disciplinary action, provided

   Rule 1.4 Communication
   (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
   (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

"[r]eciprocal discipline shall be imposed unless the attorney demonstrates, by clear and convincing evidence," that at least one of "five conditions existed." Mr. Klein does not invoke any of the five conditions. Rather, he argues only that the sanction recommended by the Board is not identical discipline. We adhere to "a rebuttable presumption that the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough,* 654 A.2d 1285, 1287 (D.C.1995) (quoting *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992)).

As the Board points out in its report, "[t]h[is c]ourt has repeatedly held that public censure is the functional equivalent to a reprimand by the Maryland Court." Indeed, in the case of one of the attorneys to whom Ms. Kennedy's case was referred, we said: "This court has held that censure in the District of Columbia is the functional equivalent of a reprimand by the Maryland Court of Appeals." *In re Morrison,* 851 A.2d 430, 431 (D.C.2004) (citing *In re Bridges,* 805 A.2d 233, 234 (D.C.2002)); *In re Greenberg,* 762 A.2d 42 (D.C.2000) (per curiam); *In re Bell,* 716 A.2d 205, 206 (D.C.1998) ("Although a public reprimand is not an available sanction in the District of Columbia disciplinary system, this court has held that a public censure is functionally equivalent to a public reprimand in another jurisdiction."); *see also In re Bridges, supra,* 805 A.2d at 235 ("The public censure that the Board recommends as the functional equivalent of the public reprimand in Maryland is within the range of sanctions that this court has imposed for similar conduct.") (citation omitted); *In re Dreier,* 651 A.2d 312, 313 (D.C.1994) ("public censure ... is comparable to public reprimand in New Jersey").

Mr. Klein offers no sound reason as to why we should deviate from our longstanding practice of treating a reprimand by the Court of Appeals of Maryland as equivalent to public censure by this court. Simply because others took no exception to public censure as identical reciprocal discipline and he did, as Mr. Klein argues, strikes us as an arbitrary reason to deviate from our longstanding practice. That practice is based upon the types of sanctions which may be imposed by the Court of Appeals of Maryland and by our court. Under Maryland Rule 16–721 (2006), the Court of Appeals of Maryland may impose a reprimand, suspension, or disbarment as sanctions. A reprimand is the lowest sanction that the Court of Appeals of Maryland imposes for attorney misconduct. Under D.C. Bar R. XI, § 3(a)(1) through (3), this court may impose as sanctions, public censure, suspension or disbarment, the lowest being a public censure. Thus, a public censure, the lowest sanction imposed by the court in our system, is equivalent to a court reprimand in the Maryland attorney discipline system. Under our system, the Board has the authority to reprimand an attorney. *See* D.C. Bar R. XI, § 3(a)(4). Under the Maryland Rule 16–737, the Attorney Grievance Commission of Maryland may approve Maryland Bar Counsel's recommendation of a reprimand as a sanction. If we were to order the Board to reprimand Mr. Klein, that sanction would be equivalent to a reprimand by the Attorney Grievance Commission of Maryland, rather than the reprimand of the Court of Appeals of Maryland.

Nor are we persuaded by Mr. Klein's argument that public censure represents "enhanced discipline" or an "enhanced stigma." Under the structure of our respective attorney disciplinary systems, a public censure in the District of Columbia bears no greater stigma than the reprimand Mr. Klein received in Maryland. Both sanctions are the lowest ones im-

posed by the court in the respective disciplinary systems.[2]

Accordingly, for the foregoing reasons, we accept the recommendation of the Board and impose the sanction of public censure; it is therefore

ORDERED that respondent, Paul B. Klein, be, and he is hereby, publicly censured.

*So ordered.*

**2.** During oral argument, Mr. Klein declared that there is a greater stigma attached to our public censure since it is published in the Atlantic Reporter, whereas a reprimand by the Court of Appeals of Maryland does not appear in the Atlantic Reporter. However, in a post-argument letter, he informed the court that reprimands issued by the Court of Appeals of Maryland are reported in the Atlantic Reporter, if they are accompanied by an opinion. The order in his case, imposing a reprimand by consent, was not accompanied by an opinion and hence was not reported. Nevertheless, we see no enhanced stigma traceable to publication of public censure by this court in the Atlantic Reporter, given the electronic communications system that has evolved in this country through which one may easily gain access to all kinds of information, including sanctions for attorney misconduct. We note that Mr. Klein had an opportunity to accept a reprimand by the Attorney Grievance Commission of Maryland, but declined to do so.