In re John W. HERMINA, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 04–BG–246.

District of Columbia Court of Appeals.

Decided Sept. 21, 2006.

Before FARRELL and KRAMER, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

In this reciprocal discipline proceeding, the Board on Professional Responsibility ("the Board") has concluded, as did the Maryland Court of Appeals, that respondent John W. Hermina violated Maryland Rules of Professional Conduct 3.3(a)(1) (making false statement of material fact to a tribunal), 3.4(c) (knowingly disobeying

obligations under rules of tribunal), 8.2 (making false statement as to qualification or integrity of a judge), and 8.4(a), (c)-(d) (violating Rules of Professional Conduct, conduct involving dishonesty, fraud, deceit or misrepresentation, and conduct prejudicial to the administration of justice).[1] As it must,[2] the Board deferred to the findings of the Maryland authorities and concluded that the respondent had: 1) intentionally made misleading statements to a trial judge regarding the scope of a protective order, 2) failed to respond to valid discovery requests or participate in a pretrial conference, and 3) recklessly accused the trial judge of an improper *ex parte* communication with his opponents.[3] The Maryland Court of Appeals publicly reprimanded the respondent,[4] and a certified copy of its order was filed with this court. Since respondent is a member of our Bar, as well as that of Maryland, we issued an order directing the Board to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo* pursuant to D.C.Bar. R. XI, § 11.

The Board submitted its report and recommendation on December 23, 2005, and a copy of that report is attached hereto. It recommended that we impose the functionally equivalent reciprocal discipline of a public censure. Respondent has withdrawn his initial exceptions to the recommendation and Bar Counsel has previously informed us that he takes no exceptions; thus, there is no opposition and our deference is heightened. *See* D.C. Bar R. XI,

§ 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). For this reason, and because we find substantial support in the record for the Board's findings, we hereby accept them and its recommendation. *See* D.C. Bar R. XI, § 9(g)(1). We also agree that a public censure is well within the range of appropriate sanctions in these circumstances, *see, e.g., In re DeMaio,* 893 A.2d 583 (D.C.2006); *In re Zentz,* 891 A.2d 277 (D.C.2006), and is the functional equivalent of a public reprimand in Maryland. *See In re Miller,* 883 A.2d 105 (D.C.2005). Accordingly, it is

ORDERED that John W. Hermina be and hereby is publicly censured.

*So ordered.*

## REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

This reciprocal discipline matter comes before the Board on Professional Responsibility (the "Board") as a result of discipline imposed by the Court of Appeals of Maryland (the "Maryland Court"). The Board recommends that the District of Columbia Court of Appeals (the "Court") impose the functionally equivalent reciprocal discipline of a public censure.

### I. BACKGROUND

Respondent is a member of the District of Columbia Bar, having been admitted on December 15, 1989. During the period in question, Respondent was also a member of the Maryland Bar. On March 17, 2004,

---

1. Md. Rules 3.3(a)(1), 3.4(c), and 8.4(a), (c)-(d) are either the same as or are equivalent to the identical D.C. Rules of Professional Conduct. The District does not have a provision similar to Md. R. 8.2, but as all of the other violations constitute violations of equivalent rules in this jurisdiction, there is a sufficient basis for the imposition of functionally equivalent reciprocal discipline.

2. *See* D.C. Bar R. XI, § 11(c).

3. *See Attorney Grievance Comm'n of Maryland v. Hermina,* 379 Md. 503, 842 A.2d 762 (2004).

4. *Id.*

Bar Counsel filed with the Court a certified copy of an order of the Maryland Court publicly reprimanding Respondent. *Attorney Grievance Comm'n of Maryland v. Hermina*, Misc. Docket AG No. 88 (Feb. 13, 2004) (the "Maryland Order").[1] On March 24, 2004, the Court issued an order directing the Board either to (i) recommend "whether identical, greater or lesser discipline should be imposed as reciprocal discipline," or (ii) determine whether the Board should proceed *de novo*. Order, *In re Hermina*, No. 04–BG–246 (D.C. Mar.24, 2004).

## II. THE MARYLAND PROCEEDINGS

In December 2002, The Attorney Grievance Commission of Maryland filed a petition for disciplinary action against Respondent, charging him with violating a number of rules of the Maryland Rules of Professional Conduct ("MRPC") in connection with litigation that began in 1997. The Maryland Court referred the petition for a hearing to Judge Maureen Lamasney, who presided over a three-day hearing. Maryland Order at 764. On June 23, 2003, Judge Lamasney issued a Statement of Findings of Fact and Conclusions of Law in which she concluded that Respondent had violated MRPC 1.1 (competence); 1.3 (diligence); 3.2 (expediting litigation); 3.3(a)(1) (making false statement of material fact to a tribunal); 3.4(c) (knowingly disobeying obligations under rules of tribunal); 3.4(d) (frivolous discovery request, failure to comply with proper discovery request); 3.5(a)(8) (conduct intended to

disrupt tribunal); 8.2(a) (false statement as to qualification or integrity of judge); 8.4(a) (violating Rules of Professional Conduct); 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation); and 8.4(d) (conduct prejudicial to the administration of justice). *Id.* at 766–67.

Both Respondent and Maryland Bar Counsel filed exceptions to Judge Lamasney's findings. *Id.* at 764, 767. As noted by the Maryland Court, Respondent's exceptions comprised "39 pages and go into great detail concerning the evidence relating to some of Judge Lamasney's findings.... The principal basis of his exceptions is that the evidence does not support those findings and therefore does not support Judge Lamasney's conclusions with respect to the Rule violations." *Id.* at 767. In a twenty-page opinion, the Maryland Court carefully reviewed Respondent's exceptions and, ultimately, agreed with many of them. The Maryland Court concluded that Respondent had not violated MRPC 1.1, 1.3, 3.2, 3.4(d) or 3.5(a)(8), but that he had violated MRPC 3.3(a)(1), 3.4(c), and 8.2(a). *Id.* at 767–72. On the basis of these findings, the Maryland Court concluded that Respondent, therefore, had also violated MRPC 8.4(a), (c), and (d). *Id.* at 772. The facts underlying Respondent's violations may be summarized as follows.[2]

In May 1997, Respondent filed suit in the Circuit Court for Montgomery County against Baltimore Life Insurance Compa-

---

1. Respondent was out of the country at the time and did not immediately report his Maryland discipline to D.C. Bar Counsel.

2. The facts noted are taken from the Maryland Court opinion. In reciprocal discipline proceedings, we are required to defer to the findings of fact made by the disciplining authority in the other jurisdiction. *See In re Sheridan*, 798 A.2d 516, 518 (D.C.2002) ("We

defer to findings of fact made by other courts in reciprocal proceedings.") (citing D.C. Bar R. XI, § 11(c) ("[A] final determination by a disciplining court outside the District of Columbia ... that an attorney has been guilty of professional misconduct shall conclusively establish the misconduct for the purpose of a reciprocal disciplinary proceeding in this Court.")).

ny ("BLIC") and BLIC's manager of client relations, David Griffin, on behalf of his client and former BLIC employee, Kevin Reed.[3] Reed's complaint included allegations of defamation, intentional infliction of emotional distress, and tortious interference with business relations. BLIC filed a counterclaim for breach of contract, breach of fiduciary duty, and fraud. *Id.* at 764. As noted by the Maryland Court, "[t]he course of the litigation was extremely contentious and often uncivil. The lawyers traded accusations against one another regarding a variety of pre-trial, and often wholly extraneous matters, which no doubt made Judge Kavanaugh's job much more difficult than it needed to be." *Id.* at 765.[4] Included in that contentious behavior were the following, which provided the basis for the Maryland Court's conclusions regarding Respondent's violations:

(1) Respondent objected to discovery by BLIC and trial testimony by a defense witness by deliberately misrepresenting to Judge Kavanaugh that he had been precluded from conducting *any* discovery by virtue of a protective order that another judge had issued in the case. The Maryland Court found that the order at issue precluded only the deposition of one witness for a particular period of time. The Maryland Court stated that "Hermina was completely misconstruing the order; there was no reasonable basis for a belief that Judge Rupp had precluded Hermina from taking any discovery throughout the rest of the case, and for Hermina to assert that as a ground for precluding discovery by BLIC or precluding trial testimony by a defense witness was a deliberate misrepresentation and thus a violation of MRPC 3.3(a)(1)." [5] *Id.* at 770.

(2) Respondent failed to respond to discovery requests and his explanation was that "he declined to respond because of his belief that BLIC had failed to respond to his discovery requests, thereby prejudicing his ability to prepare his case." *Id.* at 771. As the Maryland Court noted, "[r]etaliation is not a proper basis for failing to comply with valid discovery requests." *Id.* Respondent also knowingly failed to participate in a pre-trial conference that had been ordered for the purposes of preparing a joint pre-trial statement. *Id.* at 766. Both of these acts constituted violations of MRPC 3.4(c).[6] *Id.* at 776.

(3) On the basis of information provided by his client, Respondent wrote a letter to opposing counsel accusing counsel and Judge Kavanaugh of having engaged in a conference about jury instructions outside the presence of Respondent. *Id.* at 772. As noted by the Maryland Court, "[w]hat Hermina did was wholly improper. If there was a question in his mind about the conversation between Judge Kavanaugh and [opposing counsel], he should have brought his client's concern to Judge Kavanaugh's attention and made appropriate inquiry of her, not write a letter to counsel

---

3. The suit was one of seven filed against BLIC by Respondent.

4. At the end of Reed's case, Judge Kavanaugh entered judgment for Griffin on all claims and for BLIC on the intentional infliction of emotional distress claim. The other claims went to the jury, which found for BLIC on Reed's remaining claims and for BLIC on its counterclaims. A money judgment was entered against Reed. Maryland Order at 764.

5. "MRPC Rule 3.3(a)(1) provides that a lawyer shall not knowingly make a false statement of material fact or law to a tribunal." Maryland Order at 765. This is the same as our Rule 3.3(a)(1).

6. "MRPC Rule 3.4(c) provides that a lawyer shall not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on the assertion that no valid obligation exists." Maryland Order at 4–5. This is the same as our Rule 3.4(c).

accusing him and the judge of having an inappropriate *ex parte* communication, which would constitute, for Judge Kavanaugh, a violation of Canon 3 A.(5) of the Maryland Code of Judicial Conduct...." *Id.* at 772. Respondent's accusatory statement violated MRPC 8.2.[7] *Id.* at 772.

In summary, the Maryland Court stated: We have concluded that Hermina violated MRPC Rules 3.3(a)(1) by misrepresenting the content and effect of Judge Rupp's pre-trial protective order and falsely claiming that he had been precluded from conducting discovery, 3.4(c) by failing to respond to discovery requests and by failing to participate in the pre-trial conference and cooperate in preparing a joint pre-trial statement, and 8.2 by recklessly accusing Judge Kavanaugh of participating in an inappropriate *ex parte* conference. Those conclusions suffice to establish a violation of MRPC 8.4(a), (c), and (d) as well.[8] *Id.* at 772.

## III. *RECIPROCAL DISCIPLINE*

D.C. Bar R. XI, § 11(f)(2) establishes a rebuttable presumption in favor of imposing identical reciprocal discipline, unless the attorney demonstrates, or the Court finds on the face of the record on which the discipline is predicated, by clear and convincing evidence, that one or more of the five exceptions set out in D.C. Bar R. XI, § 11(c) exists. *See In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992). The five exceptions under D.C. Bar R. XI, § 11(c) are as follows:

(1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or

(3) The imposition of the same discipline by the Court would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in the District of Columbia; or

(5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

"Unless there is a finding by the Board under (1), (2), or (5) above, that is accepted by the Court, a final determination by a disciplining court outside the District of Columbia ... shall conclusively establish the misconduct for the purpose of a reciprocal disciplinary proceeding" here. *In re Zdravkovich,* 831 A.2d 964, 967 (D.C.2003) (quoting D.C. Bar R. XI, § 11(c)).

Bar Counsel maintains that none of the exceptions of D.C. Bar R. XI, § 11(c) apply. Respondent argues that the exceptions of § 11(c)(4) or (5) (or both) apply. In support of this position, Respondent submits that he was prejudiced by a substantial delay in the Maryland proceedings. We address each of Respondent's arguments below.

---

7. "MRPC Rule 8.2(a) provides that a lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge." Maryland Order at 766. The District of Columbia does not have a similar rule.

8. "In relevant part, Rule 8.4 declares it to be unprofessional conduct for a lawyer (a) to violate any of the MRPC Rules, (c) to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation, and (d) to engage in conduct that is prejudicial to the administration of justice." Maryland Order at 767. This is the equivalent of our Rule 8.4(a), (c), and (d).

1. *The Misconduct Elsewhere Does Not Constitute Misconduct in the District of Columbia—D.C. Bar R. XI, § 11(c)(5)*

■ With regard to this exception, Respondent argues that it applies to only one of the violations found in Maryland, specifically, MRPC 8.2(a), which prohibits a lawyer from making a "statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge." Respondent notes, and Bar Counsel acknowledges, that there is no identical rule in the District of Columbia. In fact, the Court specifically declined to adopt proposed Rule 8.2, which would have been identical to the Maryland Rule. *See In re Demaio,* BDN 094–04 (BPR June 14, 2005). The lack of an identical rule, however, is not determinative. Reciprocal discipline is imposed based upon the attorney's misconduct; we do not require that the precise rule used in the foreign jurisdiction have an identical counterpart here. *See In re Gansler,* 889 A.2d 285 (D.C. 2005); *In re Jones,* 686 A.2d 560, 561 (D.C.1996) (per curiam); *In re Youmans,* 588 A.2d 718, 719 (D.C.1991) (per curiam). The question, then, is whether the conduct which resulted in Respondent's Rule 8.2(a) violation in Maryland would also constitute misconduct in the District of Columbia.

The basis for this charge was Respondent's July 11, 1998 letter to opposing counsel. According to the Maryland Court, in that letter, Respondent suggested that Erb, Barnes, and "the Court," meaning Judge Kavanaugh, "held a conference, meeting or discussion during which proposed jury instructions were discussed," and he asked whether Erb or the court "ever raised the issue of whether

Plaintiff's counsel [i.e., Respondent] would be given the opportunity or the option of attending the instructions conference/meeting/discussion you had with the Court." Maryland Order at 772. The Maryland Court accepted Judge Lamasney's finding that no *ex parte* jury instructions conference or discussion took place and that "the accusation of an *ex parte* instructions conference 'was made with a reckless disregard as to its truth, and the accusation concerns the integrity of Judge Kavanaugh.'" *Id.* We are bound by this finding. *See In re Gallagher,* 886 A.2d 64 (D.C.2005) ("foreign discipline proceedings are not a forum to reargue the foreign discipline") (quoting *Zdravkovich,* 831 A.2d at 969); *In re Sheridan,* 798 A.2d 516, 518 (D.C.2002) ("We defer to findings of fact made by other courts in reciprocal proceedings.").

In this jurisdiction, the closest counterpart to MRPC 8.2(a) is District of Columbia Rule of Professional Conduct 8.4(c), which prohibits conduct involving dishonesty, fraud, deceit or misrepresentation. A finding of recklessness may be enough to establish dishonesty under Rule 8.4(c), but the Court has not squarely held that it is sufficient to establish misrepresentation. *See In re Romansky,* 825 A.2d 311 (D.C. 2003). However, the Board need not reach the issue of whether Respondent's reckless statements about Judge Kavanaugh violated our Rule 8.4(c) in this reciprocal discipline case. *See In re Childress,* 811 A.2d 805, 807 (D.C.2002) (stating the "general reluctance" by the Court to have the disciplinary law of the District of Columbia developed in a reciprocal discipline proceeding); *Gansler,* 889 A.2d at 290 n. 5 (declining to decide issue in reciprocal discipline case not necessary to disposition).[9] All the other violations of the

9. Judge Lamasney also found that the conduct violated MRPC 8.4(a) and 8.4(d). The

District of Columbia has no counterpart to MRPC 8.4(a), which prohibits any violation of

Maryland Rules found by the Maryland Court constitute violations of the equivalent Rules in the District of Columbia and form sufficient grounds for the imposition of a functionally equivalent reciprocal discipline sanction.

2. *The Misconduct Established Warrants Substantially Different Discipline in the District of Columbia— D.C. Bar R. XI, § 11(c)(4)*

█ Respondent violated multiple rules of professional conduct relating to his conduct in litigation, including knowingly making a false statement of law or fact to a judge, and interference with the administration of justice. Bar Counsel argues that a public censure is within the range of sanctions imposed for comparable misconduct in the District of Columbia. In doing so, Bar Counsel cites cases that resulted in sanctions ranging from informal admonition to suspensions. Respondent looks at the same decisions and argues that his case is closer, on the facts, to a case in which the respondent received an informal admonition. *See* Respondent's Statement at 18–19 (discussing *In re Mizrahi,* BDN 232–97 (July 2, 2004) (Bar Counsel issued informal admonition)).

█ Determining whether the "substantially different discipline" exception applies is a two-step process. *See In re Demos,* 875 A.2d 636, 642 (D.C.2005); *In re Zelloe,* 686 A.2d 1034, 1036 (D.C.1996); *In re Garner,* 576 A.2d 1356, 1357 (D.C.1990). Step one is to determine whether the sanction imposed in the foreign jurisdiction is within the range of sanctions that would be imposed for comparable misconduct in this jurisdiction. *See Demos,* 875 A.2d at 642; *Zelloe,* 686 A.2d at 1036. If the discipline

imposed in the foreign jurisdiction is outside the range of sanctions imposed here, then we move on to step two and determine whether the difference is "substantial." *See Demos,* 875 A.2d at 642; *Zelloe,* 686 A.2d at 1036. If the analysis in step one shows that the sanction imposed in the foreign jurisdiction is within the range of sanctions imposed here for comparable misconduct, however, then there is no reason to deviate from the sanction imposed in the foreign jurisdiction. *See In re Berger,* 737 A.2d 1033, 1042 (D.C.1999).

We agree with Bar Counsel that a public censure is within the range of sanctions for the misconduct had it been considered as an original matter in this jurisdiction. As noted previously, Respondent was found to have engaged in several misrepresentations in connection with representing his client in court. He also knowingly failed to obey court rules and a court scheduling order. *See In re Margulies,* No. 88–1032 (D.C. Jan. 26, 1989) (public censure for failing to file brief and for the respondent's false statements to Bar Counsel that he had notified the court of a change of address and that the client agreed not to pursue the appeal); *In re Rosen,* No. M–69–81 (D.C. Nov. 20, 1981) (public censure for filing witness list with certificate of service dates two days before actual mailing); *In re Molovinsky,* No. M–31–79 (D.C. Aug. 27, 1979) (public censure for lying to court about reason for failure to appear); *In re Mizrahi,* BDN 232–97 (July 2, 2004) (Bar Counsel issued informal admonition for violations of Rules 1.1(b), 1.3(a), 1.3(b)(2), 3.4(c) and (e), 3.5(c), and 8.4(d) arising from a "pattern of disruptive and disrespectful conduct" during trial that occurred in 1997).

---

the Maryland Rules. For the same reasons we decline to address whether the conduct would violate our Rule 8.4(c), we need not decide whether it would form the basis for a

violation of Rule 8.4(d) (conduct that seriously interferes with the administration of justice).

■ Whether Respondent's conduct is more comparable to one of these cases or another is not the issue before us. The question in reciprocal discipline proceedings is not whether we would have recommended the same sanction had Respondent's misconduct occurred here, but whether the sanction imposed in the foreign jurisdiction is within the range of sanctions imposed here for similar misconduct. *Demos*, 875 A.2d at 642; *In re Fuller*, 674 A.2d 907, 909 (D.C.1996); *Garner*, 576 A.2d at 1356. The Board finds that the recommended sanction is within the relevant range of sanctions. Therefore, the exception under D.C. Bar R. XI, § 11(c)(4) does not apply.

### 3. *Prejudice to the Respondent*

■ Respondent also argues that the delay in the Maryland proceedings prejudiced him and that the District of Columbia should consider such prejudice in imposing any sanction here. *See* Respondent's Statement at 5–9. The prejudice suffered, Respondent argues, was a severance of the disciplinary proceeding that forms the basis of this reciprocal proceeding from a related Maryland disciplinary complaint—one arising from similar litigation with the same opposing party and counsel. *Id.* at 5–7. The other disciplinary complaint was resolved in Respondent's favor because, among other things, Judge Johnson (contrary to Judge Lamasney who heard the second disciplinary complaint) resolved all credibility issues in Respondent's favor. *Id.* at 7–8. Essentially, Respondent is arguing that the delay and severance of the disciplinary cases prejudiced him because, had both cases been heard by Judge Johnson, both cases would have been dis-

missed and Respondent would not be here today. *See id.*

Based on *In re Williams*, 513 A.2d 793 (D.C.1986), Respondent argues that our Court has held that unreasonable delay, coupled with actual prejudice, could result in a due process violation and that such prejudice would be considered, in this jurisdiction, as a mitigating factor. Respondent's Statement at 8–9. Because the Maryland Court did not consider Respondent's argument on prejudice resulting from delay, he claims, we should recommend that our Court do so. *Id.* at 9.

We do not agree. First, *Williams* was an original disciplinary proceeding, not a reciprocal proceeding. *See Williams*, 513 A.2d at 793. Second, the Court has adopted a "rigid standard" for analysis of reciprocal cases. *Gansler*, 889 A.2d at 289; *Zdravkovich*, 831 A.2d at 968. This rigid standard is not satisfied here. None of the five exceptions set out in D.C. Bar R. XI, § 11(c) appear to be triggered by the delay in the Maryland disciplinary proceedings, including the exception under § 11(c)(1).

Respondent has failed to present clear and convincing evidence that the delay in his Maryland proceeding resulted in prejudice that constituted a denial of due process. Respondent had notice of the proceedings in Maryland, he participated fully in those proceedings, and he was represented by counsel.[10] He had every opportunity to argue the merits of his case, including the prejudice issue he raises here. The Maryland Court gave careful consideration to Respondent's arguments. Judge Lamasney considered the delay as an extenuating factor in her resolution of the disciplinary complaint, Respondent's Statement at 8, and delay was also dis-

---

10. As noted by the Maryland Court, the original disciplinary hearing before Judge Lamasney was as contentious as the underlying civil action, "involving accusations, counter-accusations, and a great deal of disputed evidence." Maryland Order at 765.

cussed at oral argument before the Maryland Court. *Id.* at 6. Simply because the Maryland Court did not expressly discuss the issue of delay in its opinion does not mean the matter was not considered. We fail to see how the delay which occurred in this case, which was raised as an issue before the Maryland Court, warrants further consideration in this jurisdiction as a due process violation.

As the Court has said on numerous occasions, reciprocal proceedings are not an opportunity for an attorney to collaterally attack the findings or judgment of the original disciplining court. *See Zdravkovich*, 831 A.2d at 969; *In re Shearin*, 764 A.2d 774, 777 (D.C.2000). Respondent's attempt to do so here does not establish, by the required clear and convincing evidence standard, an exception to the imposition of reciprocal discipline under D.C. Bar R. XI, § 11(c)(1).

The Court has determined that a public censure in the District of Columbia is the functional equivalent of a public reprimand issued by the Maryland Court. *See, e.g., In re Miller*, 883 A.2d 105 (D.C.2005); *In re Tsai*, 860 A.2d 335 (D.C.2004). Accordingly, we recommend imposition of a public censure.

## IV.  *CONCLUSION*

Based upon the foregoing, we recommend that the Court impose on Respondent the functionally equivalent reciprocal discipline of a public censure.

BOARD ON PROFESSIONAL RESPONSIBILITY

By:  /s/
Roger A. Klein
Vice Chair

Dated:  December 23, 2005

All members of the Board concur in this Report and Recommendation except Ms. WILLIAMS, who is recused.