### In re Sheryl L. Robinson WOOD, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 438953).

### No. 11–BG–1144.

District of Columbia Court of Appeals.

Decided Oct. 13, 2011.

Before FISHER, Associate Judge, REID, Associate Judge, RETIRED, and NEBEKER, Senior Judge.

PER CURIAM:

Before this division of the court is the report and recommendation of an *Ad Hoc* Hearing Committee recommending approval of a petition for negotiated attorney discipline. *See* D.C. Bar R. XI, § 12.1. Upon receipt of notice of respondent's resignation from a court appointed monitoring position, Bar Counsel opened an investigation. According to the joint petition for negotiated discipline, the United States District Court, Eastern District of Michi-

---

gan, Southern Division, appointed respondent as a monitor to evaluate compliance with two consent judgments involving the City of Detroit. Although respondent's position required her to remain neutral and independent from the parties, from late 2003 through 2004 she had "undisclosed and personal communications with then Detroit Mayor Kwame Kilpatrick," and in early 2004, intimate contact with the then Mayor. After the Michigan Court confronted her with these facts, respondent voluntarily resigned as monitor on July 22, 2009.[1] Respondent mitigated her conduct by taking full responsibility and fully cooperating with Bar Counsel. Moreover, respondent did not have any prior disciplinary actions, her conduct did not result in personal gain or negatively or financially impact the monitored cases, and no client was harmed by her conduct. As a result of respondent's conduct, the agreed upon sanction is a public censure.

In reviewing whether the proposed negotiated discipline of public censure was appropriate, the *Ad Hoc* Hearing Committee recognized that this court had not addressed a violation with a similar fact pattern, but concluded that the violation of Rule of Professional Conduct 8.4(d) closely mirrored elements necessary to prove criminal contempt. And in arriving at this conclusion, the committee found that the negotiated discipline fell within the range of sanctions and was further justified due to numerous mitigating factors.

Having reviewed the report and recommendation of the *Ad Hoc* Hearing Committee, and in accordance with our procedures in uncontested disciplinary cases, we agree that this case is appropriate for negotiated discipline and accept the Committee's report and recommendation approving the petition for negotiated discipline. The *Ad Hoc* Committee reviewed the circumstances of the disciplinary events, properly weighed the mitigating factors, and found that the negotiated discipline falls within the range of discipline imposed for similar conduct.[2] Accordingly, it is.

ORDERED that Sheryl L. Robinson Wood is hereby publicly censured.

*So ordered.*

1. It should be noted that the Michigan Court did not seek her resignation; to the contrary, it believed respondent could continue in her position as monitor.

2. *See, e.g., In re Hermina*, 907 A.2d 790, 797 (D.C.2006) (reciprocal discipline of public censure for "violat[ing] multiple rules of professional conduct relating to his conduct in litigation, including knowingly making a false statement of law or fact to a judge, and interference with the administration of justice"); *In re Hill*, 619 A.2d 936, 937 (D.C.1993) (public censure for neglect of legal matter appointed to him and conduct prejudicial to administration of justice).