**In re Arnold B. SCHWEIZER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–1112.**

District of Columbia Court of Appeals.

Decided Nov. 16, 2000.

---

Before RUIZ and WASHINGTON, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

On June 23, 1999, the Court of Appeals of Maryland suspended respondent, Arnold B. Schweizer, from the practice of law for sixty days, and directed that he be supervised by a practice monitor for a period of one year following his suspension. This discipline was based on a joint petition filed by respondent and the Attorney Grievance Commission of Maryland. Respondent admitted that he used his attorney escrow account as an operating account as well as an escrow account, that he commingled personal funds with client funds, and that he failed to preserve money entrusted to him by a client for litigation expenses by allowing the account to become overdrawn. An Inquiry Panel concluded, however, that respondent's misconduct was not intentional or malicious.

The United States District Court for the District of Maryland also suspended respondent in a reciprocal proceeding. Bar Counsel filed with this court certified copies of the two disciplinary orders, and on September 14, 1999, this court temporarily suspended respondent pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("the Board"). The Board has determined that imposition of reciprocal discipline is appropriate, but has concluded that respondent's misconduct warrants substantially different discipline in this jurisdiction and that, therefore, imposition of identical reciprocal discipline is not appropriate. *See* D.C. Bar. R. XI, § 11(c)(4). The Board found that, by allowing his trust account to become overdrawn, respondent committed negligent misappropriation in addition to simple commingling. Accordingly, the Board recommends that respondent be suspended for a period of six months, the sanction imposed in similar cases. *See, e.g., In re Chang,* 694 A.2d 877(D.C.1997); *In re Hessler,* 549 A.2d 700(D.C.1988).

Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation. Respondent has not filed any opposition to the Board's report and recommendation. Given our limited scope of review, *see In re Goldsborough,* 654 A.2d 1285(D.C.1995), we adopt the Board's recommendation. Accordingly, it is

ORDERED that Arnold B. Schweizer be suspended from the practice of law in the District of Columbia for the period of six months. For the purpose of seeking reinstatement to the Bar, respondent's suspension shall not begin until he complies with the requirements of D.C. Bar R. XI, § 14. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*