**In re Michael P. GREENWALD, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 242768).**

**No. 06–BG–1251.**

District of Columbia Court of Appeals.

Decided June 14, 2007.

Before: FARRELL and GLICKMAN, Associate Judges, and TERRY, Senior Judge.

PER CURIAM:

In this disciplinary proceeding against respondent, Michael P. Greenwald,[1] the Board on Professional Responsibility ("Board") has recommended that we impose substantially different reciprocal discipline of a six-month suspension to commence for purposes of reinstatement on the date respondent files a D.C. Bar R. XI, § 14(g) affidavit. No exceptions to the Board's Report and Recommendation have been filed.

On January 20, 2004, the Supreme Court of Illinois suspended respondent from the practice of law for sixty days for disciplinary violations based on a consent petition of the Attorney Registration and Disciplinary Commission, whereby respondent was found to have violated Illinois Rules of Professional Conduct 1.15(a) (conversion); 1.15(b) (failure to promptly deliver funds to a client or third party), 8.4(a)(4) (dishonesty), 8.4(a)(5) (conduct prejudicial to the administration of justice), and Supreme Court Rule 771 (conduct tending to defeat the administration of justice).[2] The suspension, which was for a period of sixty days, arose from respondent's representation of a client in a personal injury matter and his subsequent handling of settlement proceeds, which included non-payments or late payments to various medical providers as well as respondent's use of those proceeds to pay his own business and personal expenses, thus, resulting in respondent's business account being overdrawn. Respondent did not notify this jurisdiction of his suspension, and on October 30, 2006, Bar Counsel filed a certified copy of the suspension with this court. On November

---

1. Respondent was admitted by examination to the D.C. Bar on December 21, 1976, but has been administratively suspended since October 31, 2000, for failure to pay dues.

2. The Illinois Rules of Professional Conduct have counterparts in D.C. Rules of Professional Conduct 1.15(a), 1.15(b), 8.4(c), and 8.4(d). The Board notes that Rule 1.15(a) in both jurisdictions relates to misappropriation although the Illinois Rule of Professional Conduct describes the violation as conversion.

27, 2006, this court issued an order temporarily suspending respondent and directing 1) Bar Counsel to inform the Board of his position regarding reciprocal discipline within thirty days, 2) respondent to show cause why identical, greater, or lesser discipline should not be imposed, and 3) the Board either to recommend discipline or proceed *de novo.* Bar Counsel recommended the substantially different reciprocal discipline of a six-month suspension. Respondent has not responded to Bar Counsel's recommendation nor participated in this reciprocal proceeding.

■ In its Report and Recommendation, the Board found that the record supported the imposition of substantially different discipline of a six-month suspension. *See* D.C. Bar R. XI, § 11(c)(4) and (e). A two-step analysis applies to impose substantially different discipline. First, it is necessary to determine if the misconduct in question would not have resulted in the same punishment here as it did in the disciplining jurisdiction. Second, where the discipline imposed in this jurisdiction would be different from that of the disciplining court, it must be determined whether the difference is substantial. *See In re DeMaio,* 893 A.2d 583, 587 (D.C. 2006) (citing *In re Garner,* 576 A.2d 1356, 1357 (D.C.1990)). The Board applied this test and explained that in this jurisdiction, the usual sanction for negligent misappropriation, even with related violations, is a six-month suspension. *See, e.g., In re Edwards,* 870 A.2d 90, 94 (D.C.2005) *In re Anderson,* 778 A.2d 330, 342 (D.C.2001). Because the difference between a sixty-day suspension and a six-month suspension is substantial, the Board found that an exception to the imposition of identical reciprocal discipline exists and that substantially different discipline of a six-month suspension is instead warranted. *See In re Schweizer,* 762 A.2d 34 (D.C.2000).

■ Neither Bar Counsel nor respondent has filed any exceptions to the Board's Report and Recommendation and in such cases we give great deference to the Board's recommendation. *See* D.C. Bar R. XI § 11(f)(1); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). Moreover, by failing to file any exceptions, respondent has effectively conceded that the proposed sanction is appropriate. *See In re Goldsborough,* 654 A.2d 1285, 1287–88 (D.C. 1995); D.C. Bar R. XI, § 11(f). As a six-month suspension is within the range of sanctions this court has imposed for similar misconduct, *see In re Edwards, supra,* 870 A.2d at 94, we hereby adopt the Board's recommendation. Accordingly, it is

ORDERED that Michael P. Greenwald be suspended from the practice of law in the District of Columbia for the period of six months to commence for purposes of reinstatement on the date respondent files a D.C. Bar R. XI, § 14(g) affidavit.

*So ordered.*